ROY FOXWELL *vs.* STATE OF MARYLAND.

*Indictment—Carnal Knowledge of Minor—Surplusage—Exception in Statute—Demurrer to Evidence.*

A count in an indictment, averring that defendant "did make an assault, and" did unlawfully and carnally know a female, not his wife, between the ages of fourteen and sixteen years, is not demurrable on the ground of duplicity, it being evidently not intended thereby to charge two offenses, and the allegation as to an assault, whether appropriate or inappropriate, being unnecessary and capable of rejection as surplusage.          p. 92

An indictment under Code, art. 27, sec. 422, for having carnal knowledge of a female under sixteen years, need not aver that defendant was not under the age of eighteen years, the provision in the statute that it shall not apply to persons under that age not being incorporated in the description of the offense, but being an exemption provided in a subsequent clause and available to the accused only in the event of the existence of a fact peculiarly within his own knowledge.          pp. 92, 93

On a prosecution for having carnal knowledge of a female under sixteen years of age, testimony of the prosecuting witness as to her movements to and from the place where the crime was said to have been committed *held* admissible.          p. 93

The testimony being such that the jury could readily infer therefrom that the prosecuting witness was not the wife of accused, it was proper to refuse to strike out the prosecution's testimony for failure to prove that fact.                    p. 93

There being testimony as to a statement by the accused that he was not out of the county on the night named in the State's testimony as the time of the commission of the crime, and no objection being made to such testimony when offered, and no attempt made to qualify its effect, it could not be contended that there was no evidence that the alleged crime occurred in the county.                    p. 94

A motion made by defendant to strike out the whole of the testimony for the State, on the ground of a failure of proof as to an essential element of the crime, is in legal effect a demurrer to the evidence, which is not permissible in this State, where the jury in criminal cases are the judges as to the legal effect of the evidence and the court decides only as to its admissibility.                    p. 94

*Decided June 7th, 1924.*

Appeal from the Circuit Court for Dorchester County (BAILEY and DUER, JJ.).

Criminal proceeding against Roy Foxwell. From a judgment of conviction, defendant appeals. Affirmed.

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and BOND, JJ.

*LeRoy L. Wallace* and *V. Calvin Trice,* for the appellant.

*Robert H. Archer, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *A. Stengle Marine, State's Attorney for Dorchester County,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

The indictment in this case, by the first of its two counts, charged that the appellant, on July 22, 1923, in and upon a

designated female, not his wife, between the ages of fourteen
and sixteen years, did make an assault, and then and there
did unlawfully and carnally know her, contrary to the form
of the Act of Assembly in such case made and provided and
against the peace, government and dignity of the State.
Upon this charge the appellant was tried and convicted, a
demurrer to the indictment having been sustained as to the
second count, which attempted to allege an assault with intent
to ravish.

The demurrer to the indictment raised the first questions
to be considered on this appeal. The count on which the
appellant was tried is said to be demurrable on the ground
of duplicity, because it accused him of having assaulted,
and also of having carnally known, a girl who was between
the ages of fourteen and sixteen years. This objection
was properly overruled. It was evidently not intended by
the first count of the indictment to charge two distinct
offenses. The use of the phrase "did make an assault" was
probably suggested by its employment in the common form of
indictment for rape. 3 *Bishop's Crim. Proc.* (2nd ed.), sec.
949. While force is not an essential element of such a crime
as the one of which the appellant was accused and convicted,
the legal incapacity of the prosecuting witness to consent to
the act suggests a legal implication of assault in its commis-
sion. But whether or not the allegation of an assault was
appropriate, it was certainly unnecessary, and may be re-
jected as surplusage. *State* v. *Erickson,* 45 Wis. 86; *Bishop
on Statutory Crimes,* sec. 486; 4 R. C. L. 191; 31 C. J. 747.
The specific charge against the appellant was that of having
carnal knowledge of a female, not his wife, who was between
the ages of fourteen and sixteen years, contrary to section
422 of article 27 of the Code, and the indictment sufficiently
made that accusation.

The Code section just cited concludes with a proviso that
it shall not apply to male persons under the age of eighteen
years. It was argued that the indictment should have alleged
the appellant's age to have been beyond the limit which the

proviso specified. This was not a necessary averment. The
restriction by the proviso as to the application of the statute,
according to the age of the accused, afforded a possible groun l
of defense which the indictment was not required to antici-
pate and negative. The provision was not incorporated in
the description of the offense with which the statute was con-
cerned. It was an exemption provided in a subsequent clause
and available to the accused only in the event of the exist-
ence of a fact peculiarly within his own knowledge. *Howes*
v. *State,* 141 Md. 532; *State* v. *Jenkins,* 124 Md. 376; *Rug-
gles* v. *State,* 120 Md. 553; *Kiefer* v. *State,* 87 Md. 562;
*Stearns* v. *State,* 81 Md. 341.

There were three exceptions to adverse rulings of the court
on motions by the appellant to strike out testimony. The
first of the motions was made after the prosecuting witness
had testified to material facts which the indictment alleged.
It was proposed that all of her preceding testimony be ex-
cluded. The trial court properly overruled the motion. The
testimony was not taken subject to exception. It was rele-
vant to the issue and the objection to it, if made when it was
offered, could not have prevailed.

The second motion applied to the concluding portion of
the testimony in chief of the prosecuting witness, which was
taken subject to exception, and which consisted of her answers
to some further questions as to her movements to and from
the place where the crime charged against the appellant was
said to have been committed. The examination was pertinent
and proper, and the action of the court in overruling the
motion was correct.

After two other witnesses had testified, the appellant
moved to strike out all of the testimony which had been
introduced for the prosecution. The ground of this and the
preceding motions, as stated in argument, was the asserted
failure of the evidence to prove the averments of the indict-
ment that the prosecuting witness was not the wife of the
appellant and that the alleged crime occurred in Dorchester
County. The jury could readily infer from the testimony

that the prosecuting witness was not the appellant's wife. While she could not describe the location of the house which was the scene of the crime, there was testimony as to a statement by the appellant that he was not out of Dorchester County on the night mentioned in the State's proof as the time of the commission of the act for which he was being tried. No objection was made to this testimony when it was offered, and there was no attempt to qualify its effect by cross-examination. If the motion, made at the close of the State's case to strike out all of its evidence, could entitle the appellant to question its legal sufficiency to sustain a conviction, we should be unable to adopt the theory on which the objection is urged. But it has been definitely decided that a motion, made under conditions like those shown by the present record, to strike out the whole of the testimony for the State, is in legal effect a demurrer to the evidence, which is not permissible in Maryland, where the jury in criminal cases are the judges of the legal effect of the evidence and the court decides only as to its admissibility. *Jessup* v. *State,* 117 Md. 119; *Dick* v. *State,* 107 Md. 17; *Archer and Wilson* v. *State,* 145 Md. 128.

There was no error in any of the rulings.

*Judgment affirmed, with costs.*