## State of Vermont v. William Barlow, Jr.

[630 A.2d 1299]

No. 91-454

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 13, 1993

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Charles Martin* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant entered a conditional plea of guilty to sexual assault on a minor, commonly known as statutory rape, in violation of 13 V.S.A. § 3252(3) (now 13 V.S.A. § 3252(a)(3)). He appeals on grounds that the statute violates a substantive due process right to privacy under the Vermont Constitution and the right to equal protection under the United States Constitution. We affirm.

Defendant argues that privacy in sexual matters is a natural or fundamental right "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), and that this right should be recognized under the Vermont Constitution. He contends that by limiting criminalization to a sexual act

with a "person under the age of 16, except where the persons are married to each other and the sexual act is consensual," 13 V.S.A. § 3252(3), the Legislature recognized that this right extends to persons under the age of sixteen. He also maintains that the statute in effect compels marriage with a would-be sexual partner under the age of sixteen, and that this amounts to a violation of due process because the decision to marry or not to marry is a fundamental right, which cannot be infringed by the state. See *Loving v. Virginia*, 388 U.S. 1, 12 (1967). Defendant further contends that the statute violates equal protection guarantees by treating married and unmarried minors differently with respect to sexual intercourse.

█ We do not decide whether to recognize a right to privacy in sexual matters under the Vermont Constitution or whether this right extends to minors because, in any event, we conclude that the state has a compelling interest in protecting minors that is served by the statute at issue. Cf. *Jones v. State*, 619 So. 2d 418, 422 (Fla. Dist. Ct. App. 1993) (recognizing a fundamental right to privacy for minors but concluding that compelling state interest outweighs the limited burden of waiting until age of majority). The trial court noted that the state has long recognized an obligation to protect its children from others and from themselves. It found that the statutory rape law has many "salutary purposes," citing with approval *State v. Munz*, 355 N.W.2d 576, 585 (Iowa 1984), which listed the dangers of pregnancy, venereal disease, damage to reproductive organs, the lack of considered consent, heightened vulnerability to physical and psychological harm, and the lack of mature judgment, among the many significant interests of the state. Further, the United States Supreme Court has itself observed that "teenage pregnancies . . . have significant social, medical, and economic consequences for both the mother and her child, and the State." *Michael M. v. Superior Court*, 450 U.S. 464, 470 (1981).

The Supreme Court has also "recognized that even where there is an invasion of protected freedoms 'the power of the state to control the conduct of children reaches beyond the scope of its authority over adults . . . .'" *Ginsberg v. New York*, 390 U.S. 629, 638 (1968) (quoting *Prince v. Massachusetts*, 321 U.S. 158, 170 (1944)). Similarly, this Court has noted that:

Vermont law reflects our enhanced concern for the protection and well-being of minors and the gravity we attach to crimes involving the exploitation of minors. See, e.g., 13 V.S.A. § 1304 (cruelty to children under ten by one over sixteen); 33 V.S.A. §§ 4911–4920 (reporting abuse of children); 13 V.S.A. § 2804b (displaying obscene materials to minors); 13 V.S.A. §§ 2821–2826 (sexual exploitation of children).

*State v. Searles*, 159 Vt. 525, 528, 621 A.2d 1281, 1283 (1993). Thus, our law is well-settled that the state has a compelling interest in protecting the well-being of minors. Cf. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (recognizing state's compelling interest in "safeguarding the physical and psychological well-being of a minor"). We agree with the Florida court that any infringement on the minor's privacy interest under the state constitution is limited in duration and is outweighed by a compelling state interest.

Defendant's equal protection claim focuses on the state's different treatment of an adult who has sex with a minor spouse and an adult who has sex with an unmarried minor. The equal protection clause of the United States Constitution requires that all persons "'shall be treated alike *under like circumstances and conditions*[,] both in the privileges conferred and in the liabilities imposed.'" *State v. Reynolds*, 109 Vt. 308, 312, 1 A.2d 730, 732 (1938) (emphasis in original) (quoting *Marchant v. Pennsylvania R.R.*, 153 U.S. 380, 390 (1894)). Because of the requirements a minor must complete prior to marriage, we hold that the two adults described above are not similarly situated.

In order to protect minors from sexual exploitation, the state has enacted certain requirements for minors who wish to marry. Pursuant to 18 V.S.A. § 5142(2), a minor between the ages of fourteen and sixteen who desires to marry must first obtain the consent of a parent and the certificate of a judge that the public good requires that a marriage license be issued. Thus, at the point when a married minor engages in sex with his or her spouse, the state has already taken steps to protect the minor.

Defendant disagrees with the usefulness of the distinction, arguing that "sexual exploitation is just as capable of occurring

within or without a marriage." We realize that sexual exploitation can occur within marriage, but minors are particularly vulnerable and in need of protection. The United States Supreme Court has itself recognized "the peculiar vulnerability of children," *Bellotti v. Baird*, 443 U.S. 622, 634 (1979), and that "during the formative years of childhood and adolescence, minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them." *Id.* at 635. The Court also noted the importance of "the guiding role of parents in the upbringing of their children," *id.* at 637, and "that the parental role implies a substantial measure of authority over one's children." *Id.* at 638. It is in this context that the Legislature has designed the measures described above to help protect minors who contemplate marriage and to minimize the possibility of their sexual exploitation. The unmarried minor, however, has not received the state's protection and is not similarly situated.

■ Defendant also contends that Vermont's statutory rape law is subject to the potentially abusive exercise of prosecutorial discretion. But the law is not susceptible of interpretation as to which conduct is covered and which is exempt. Nothing more than a calendar and the person's birth certificate are required to determine the statute's applicability.

The balance of defendant's arguments amount to assertions that statutory rape laws like Vermont's are remnants of an earlier age, that they reflect the status of women as chattels, and that they perpetuate archaic social views about sexuality. The Legislature, however, had a compelling interest in protecting minors when it criminalized sexual relations between adults and minors, and defendant's wide-ranging speculations about the diminished need to protect children from adult sexual contact raise no federal or state constitutional issues. Pleas for a different statute or for none at all should be addressed to the Legislature.

*Affirmed.*