768 A.2d 631

**William WALKER**

v.

**STATE of Maryland.**

**No. 51, Sept. Term, 2000.**

Court of Appeals of Maryland.

March 8, 2001.

John L. Kopolow, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimoe, for appellant.

Leigh S. Halstad, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and LAWRENCE F. RODOWSKY, (retired, specially assigned), JJ.

LAWRENCE F. RODOWSKY, Judge, retired, specially assigned.

Maryland Code (1957, 1996 Repl.Vol.), Article 27, § 464B in relevant part provides:

"(a) A person is guilty of a sexual offense in the third degree if the person engages in:

. . . .

"(5) Vaginal intercourse with another person who is 14 or 15 years of age and the person performing the act is at least 21 years of age."

In *Garnett v. State*, 332 Md. 571, 632 A.2d 797 (1993), we held that the second degree rape statute, § 463(a)(3) (victim under fourteen years of age and defendant at least four years older), did not recognize a reasonable mistake of age defense.[1] In *Owens v. State*, 352 Md. 663, 724 A.2d 43, *cert. denied,* 527 U.S. 1012, 119 S.Ct. 2354, 144 L.Ed.2d 250 (1999), we held that § 463(a)(3) did not violate the right to due process of law under the federal or Maryland constitutions. We granted certiorari in the instant matter, prior to its consideration by the Court of Special Appeals, in order to determine whether the third degree sexual offense proscribed by § 464B(a)(5) is distinguishable, with respect to a reasonable mistake of age defense, from § 463(a)(3). As explained below, we conclude that § 464B(a)(5) is not distinguishable as to that putative defense.

---

1. Unless otherwise indicated, all statutory references are to Maryland Code (1957, 1996 Repl.Vol.), Article 27.

The petitioner, William Walker (Walker), was charged in the Circuit Court for Baltimore County with violating § 464B(a)(5). The case was tried non-jury on an agreed statement of facts presented by the State, as follows:

"It [is] agreed between the State and the Defense that on September 16, 1999, at approximately twelve in the afternoon, Officer Brennan of the Baltimore County Police Department was dispatched to 4519 Old Court Road as a result of a rape report that had been called in by Detective Fox of Family Crimes. At that time he spoke with the victim, who was 15–year–old Carla Peterkin. Her date of birth was February 27, 1984. Her father was also present, Mr. Craig Peterkin.

"They both advised the officer that the victim, Carla, had run away from home, was brought back September 16th by Detective Fox. During this time the Defendant had been living with 29–year–old William Walker, whose date of birth is September 15, 1970. They had been living at Deer Lodge Court in Baltimore County.

"At that time the victim stated she had [consensual] sexual intercourse with the Defendant approximately seventy-five times. She also believed that she was pregnant and the Defendant was the father of her child.

"The Defendant was then interviewed and read his rights pursuant to Miranda. He did agree to speak with the officer.

"He advised he had intercourse with the victim approximately seventy-five times, he did not know she was 15. He advised that she told him she was 19.

"And I did speak with the victim and they did indicate that was true.

"She also then—later when she was questioned about it, she said her real age was 17. He did admit that if she was pregnant, he was the father. And the victim worked at the time at Weis supermarket. Her job application was fraudulent. It stated that she was 17 years old.

"The Defendant did not see the job application, however he knows it [is] the policy of Weis to hire no one under 17. That would be the agreed statement of facts."

Without objection defense counsel added that Ms. Peterkin and Walker met while both were employed at Weis Market.

Walker then moved for a judgment of acquittal based on reading into the statute, as a matter of statutory construction, a defense of reasonable mistake as to the victim's age. Alternatively, the defense argued that recognition of the defense was required under the due process clause of the fifth and fourteenth amendments to the Constitution of the United States and under Articles 20 and 24 of the Maryland Declaration of Rights. Walker submitted that *Garnett*, 332 Md. 571, 632 A.2d 797, was distinguishable because the statute there involved dealt with victims age thirteen and younger.

The circuit court denied the defendant's motion, concluding that the defense was not available but stating that "perhaps it should be, especially in situations such as this." The court found the defendant "technically" guilty of a third degree sexual offense, but did not require him to register as a sex offender. Walker was sentenced to six months, service of the sentence was suspended, and Walker was placed on unsupervised probation for one year. This appeal followed.

I

Walker's statutory construction argument faces the same obstacle that the defendant in *Garnett* was unable to overcome. There this Court fully recognized that criminal statutes containing no express *mens rea* element, other than certain regulations "respond[ing] to the demands of public health and welfare," ordinarily are not construed to impose "strict" criminal liability. *Garnett*, 332 Md. at 578, 632 A.2d at 800–01. Nevertheless, the legislative history of § 463(a)(3), the statutory rape enactment involved in *Garnett*, precluded reading into that statute a reasonable mistake of age defense.

The statute that was involved in *Garnett* was enacted by Chapter 573 of the Acts of 1976. As introduced by Senate Bill

358, statutory rape contained no express scienter requirement. The bill was amended in the Senate Judicial Proceedings Committee to provide that if a person engages in a "sexual act," which by definition in that version of the bill included vaginal intercourse, with a person "under 14 years of age which age the person performing the sexual act knows or should know, and the person performing the sexual act is 4 or more years older than the other person," the crime was a sexual offense in the second degree punishable by up to twenty years imprisonment. 1976 Maryland Laws ch. 573 at 1532–33. Thereafter further amendments were made to Senate Bill 358 including removal of vaginal intercourse from the definition of "sexual act," the addition of the crimes of rape in the first and second degrees, and placing statutory rape within the definition of rape in the first degree, carrying up to a life sentence. *See* Md.Code (1957, 1976 Cum.Supp.), Art. 27, § 462(a)(2). Statutory rape was reduced to second degree rape, carrying a maximum sentence of twenty years, by Chapter 292 of the Acts of 1977.

Significant in *Garnett* was that, before final enactment in 1976, the General Assembly deleted the proposed requirement that the defendant "knows or should know" that the victim was under the age of fourteen years. We concluded that we could not read back into § 463(a)(3) the defense of a reasonable but mistaken belief, based on appearances or representations, that the victim was of an age at which consent validly could be given. *Garnett,* 332 Md. at 587, 632 A.2d at 804–05.

Section 464B(a)(5), with which we are concerned in the instant matter, similarly has its modern origins in Chapter 573 of the Acts of 1976. Historically, § 464B(a)(5) traces to the carnal knowledge statute enacted by Chapter 218 of the Acts of 1898. That statute was repealed in 1976 by Chapter 573. From 1898 to 1976 the carnal knowledge statute in relevant part read:

"If any person shall carnally know any female not his wife, between the ages of fourteen and sixteen years, such carnal knowledge shall be deemed a misdemeanor and the offender ... shall be punished by imprisonment ... for a

term not exceeding two years, or be fined in a sum not exceeding five hundred dollars, or [both;] and provided further, that this section shall not apply to male persons under the age of eighteen years."

Maryland Code (1957, 1971 Repl.Vol.), Art. 27, § 464. Under the carnal knowledge statute, the victim was legally incapable of consenting to the act. *Foxwell v. State*, 146 Md. 90, 92, 125 A. 893, 894 (1924). We have not been directed to, nor has our research disclosed, any Maryland case or commentary directly addressing whether a reasonable mistake of age was defensive to carnal knowledge.

The introductory version of Senate Bill 358 of the 1976 General Assembly Session would have decriminalized carnal knowledge. The amendments by the Judicial Proceedings Committee restored it. The offense was made a part of a new section, creating a fourth degree sex offense, a misdemeanor punishable by imprisonment for up to one year. As then proposed, that section read:

"(a) ... A person is guilty of a sexual offense in the fourth degree if the person engages:

"(1) In sexual contact with another person against the will and without the consent of the other person; or

"(2) In a sexual act [including vaginal intercourse] with another person who is 14 or 15 years of age *which age the person performing the sexual act knows or should know* and the person performing the sexual act is 4 or more years older than the other person."

(Emphasis added).

Further amendments before final passage removed vaginal intercourse from the definition of "sexual act," added as a fourth degree sexual offense vaginal intercourse with a fourteen or fifteen year old, and deleted the requirement that the defendant "knows or should know" the age of the victim.

Then codified as Md.Code (1957, 1976 Repl.Vol., 1976 Cum. Supp.), Article 27, § 464C, the statute read:

"(a) *What constitutes.*—A person is guilty of a sexual offense in the fourth degree if the person engages:

"(1) In sexual contact with another person against the will and without the consent of the other person; or

"(2) In a sexual act with another person who is 15 years of age and the person performing the sexual act is four or more years older than the other person; or

"(3) In vaginal intercourse with another person who is 14 or 15 years of age and the person performing the sexual act is four or more years older than the other person.

"(b) *Penalty.*—Any person violating the provisions of this section is guilty of a misdemeanor and upon conviction is subject to imprisonment for a period of not more than one year, or a fine of not more than $1,000, or both fine and imprisonment.

By Chapter 205 of the Acts of 1978, Md.Code (1957, 1976 Repl. Vol., 1977 Cum.Supp.), Art. 27, § 464C(a)(2) was amended to include a victim age fourteen.

We infer with some confidence that the source of the four year age differential that runs throughout the 1976 sexual offenses statute was drawn from the 1898 carnal knowledge statute. In 1965 Governor J. Millard Tawes had appointed a commission on the criminal law. *See* State of Maryland Commission on Criminal Law, *Report and Part I of Proposed Criminal Code* at v (June 1, 1972) (the Commission Report). The Commission Report proposed that there be a "Part 130: Sex Offenses" in a criminal code. *See* Commission Report at 185–96. The draft of Part 130 utilized a four year differential for sex crimes involving minors. That decision was based on former Article 27, § 464 in which the maximum age disparity permitted was just under four years. Section 464 did "not make it criminal for a male one day short of being 18 years old to have carnal knowledge of a female on the day when she becomes 14 years old." Commission Report at 189.

As in *Garnett,* the fact that the General Assembly first proposed and then deleted an explicit requirement that the defendant knew or should have known the age of the victim,

would have prevented reading a reasonable mistake of age defense into § 464C(a)(3), as enacted.

The statute under which Walker was prosecuted, § 464B(a)(5), was spun off by the General Assembly in 1994 from § 464C as enacted in 1976. As reflected in the bill file of the Department of Legislative Services on House Bill 96 of the 1994 General Assembly session, the spinoff resulted from the incident described below. In the late summer of 1993 Montgomery County police received information that an adolescent boy had left a roller rink with two sixty-year-old men and that the adolescent was with the men in a motel room. When the police learned from the adolescent's parent that the boy was age fifteen they were unable to make an immediate arrest because the suspected crime, sexual acts involving a fifteen year old with defendants four or more years older, was a sex offense in the fourth degree and a misdemeanor. Local Montgomery County newspapers carried police criticism of the statute, resulting in the introduction of House Bill 96 by a Montgomery County delegate. The bill would have removed from the fourth degree sexual offense, and inserted in the third degree sexual offense, sexual contact and vaginal intercourse where the victim was fourteen or fifteen years of age and the defendant was age twenty-five or older. The bill was amended by the Senate Judicial Proceedings Committee to reduce the age of the defendant to at least twenty-one, and the bill was enacted in that form as Chapter 523 of the Acts of 1994.

█ Thus, from the standpoint of a defense of reasonable mistake of age, the third degree sex offense under § 464B(a)(4) (sexual act) and (5) (vaginal intercourse) is not distinguishable from the same conduct when it was proscribed by § 464C(a)(2) and (3). Further reinforcing this conclusion is that § 464B(a)(2), prohibiting "[s]exual contact with another person who is mentally defective, mentally incapacitated, or physically helpless," requires that the defendant "knows or should reasonably know [that] the other person is mentally defective, mentally incapacitated, or physically helpless." Al-

though the General Assembly was presented with the model of a mistake of fact defense in the provision involving a mentally defective victim, the General Assembly chose not to follow that model with respect to the age of victims of a sexual act or vaginal intercourse where the victim was in fact fourteen or fifteen years old and the defendant was at least age twenty-one. In *Garnett* we also relied on a similar knowledge element in the crime of statutory rape under § 463(a)(2) involving a mentally defective victim. *See Garnett,* 332 Md. at 585–86, 632 A.2d at 804.

For the foregoing reasons we conclude that, as a matter of statutory construction, the availability of a defense of reasonable mistake of age cannot be read into carnal knowledge between a fourteen or fifteen year old victim and a defendant who is age twenty-one or older.

## II

In a combined constitutional/statutory construction argument Walker undertakes to distinguish § 464B(a)(5) from the second degree rape enactment, the constitutionality of which was upheld in *Owens v. State, supra.* Walker points out that second degree rape involves a victim under fourteen years of age and that, under Maryland law, a sixteen year old person who is not mentally defective, mentally incapacitated, or physically helpless is competent to consent to vaginal intercourse, sexual acts, and sexual contact. Walker sees this structure as affording some protection from a second degree rape charge for a person who believes a teenage sex partner is sixteen by providing a margin of error of two years between strict liability and no liability. The offense proscribed by § 464B(a)(5), Walker submits, makes criminal a mistake of age of only one day and thereby impermissibly impedes, through fear of mistake, conduct that is otherwise lawful. Walker concludes, that a reasonable mistake of age defense should be read into § 464B(a)(5) in order to avoid a substantial question of its validity under the Due Process Clause.

There are a number of fallacies in this argument. In "Chart 1," set forth below, we depict the scheme of the 1976 and 1977 statutes criminalizing voluntary sexual intercourse as they remained until the 1994 spinoff from the fourth degree sex offense of § 464B(a)(5).

Chart 1

1976
Consensual Vaginal Intercourse

| | Defendant's Age | | | | | | |
|---|---|---|---|---|---|---|---|
| | 15 | 16 | 17 | 18 | 19 | 20 | 21 & Older |
| Victim's Age | | | | | | | |
| 12 | NC | 2° R | 2° R | 2° R | 2° R | 2° R | 2° R |
| 13 | NC | NC | 2° R | 2° R | 2° R | 2° R | 2° R |
| 14 | NC | NC | NC | 4° SO | 4° SO | 4° SO | 4° SO |
| 15 | NC | NC | NC | NC | 4° SO | 4° SO | 4° SO |
| 16 And Older | NC | NC | NC | NC | NC | NC | NC |

NC = No crime

R = Rape.          2° R - felony - maximum sentence 20 years

SO = Sex Offense.      4° SO - misdemeanor - maximum sentence 1 year

Under the statutory scheme, if consensual vaginal intercourse takes place on the victim's thirteenth birthday when the defendant is one day short of the defendant's seventeenth birthday, there is no crime. On the other hand, if the same conduct takes place one day earlier, the defendant commits statutory rape and is subject to twenty years confinement. Thus, the statute approved in *Garnett* and in *Owens* can be viewed as also having but a one day margin of error.

Similarly, if consensual vaginal intercourse takes place on the day before the victim's sixteenth birthday and on the defendant's nineteenth birthday, the defendant commits a sex

offense in the fourth degree, subject to a maximum sentence of one year. On the other hand, if the vaginal intercourse takes place on the very next day there is no crime. Thus, from the standpoint of the difference of one day between criminal and non-criminal conduct, statutory rape and carnal knowledge are not distinguishable under the statutory scheme.

More fundamental is that Walker's asserted two year margin of error in statutory rape ignores that consensual vaginal intercourse with a person fourteen or fifteen years of age by one who is four or more years older is also criminal. The "margin of error" of the statutory scheme where one person is under sixteen years of age is based on the age differential between the two parties and, in that sense, the margin of error is just under four years.

At oral argument Walker emphasized two decisions, *United States v. Ransom*, 942 F.2d 775 (10th Cir.1991), and *Perez v. State*, 111 N.M. 160, 803 P.2d 249 (1990). Each of these cases involved a statutory scheme in which there was an intermediate area, somewhat analogous to Maryland's carnal knowledge statute, between "strict" liability statutory rape and noncriminal consensual intercourse. Walker would have us extrapolate from these cases a requirement that the intermediate offense recognize a reasonable mistake of age defense. We are not persuaded. Ransom was charged with violating 18 U.S.C. § 2241(c) proscribing sexual intercourse with a female minor under the age of twelve. The statutory scheme expressly recognized a reasonable mistake of fact defense if the minor was twelve years or older. 18 U.S.C. § 2243 (1988). Ransom contended that this difference in the offenses deprived him of equal protection. Rejecting this argument the court held that the statute did not result "in a classification so unrelated to the government's interest in protecting children from sexual abuse as to be irrational." *Ransom*, 942 F.2d at 778.

*Perez* presented a scheme under which statutory rape involved victims under thirteen and carnal knowledge involved victims thirteen to sixteen years of age " 'when the perpetra-

tor [was] in a position of authority over the child and used this authority to coerce the child to submit.'" *Id.* at 251 (quoting N.M. Stat. Ann. § 30–9–11(B)(1) (1978)). A 1987 amendment to the statute criminalized "sexual penetration" of a child thirteen to sixteen years of age "when the perpetrator [was] at least 18 years of age and is at least 4 years older than the child." *Id.* The New Mexico court read into the new statute a defense of reasonable mistake of age, reasoning that "[w]hen the law requires a mathematical formula for its application, we cannot say that being provided the wrong numbers is immaterial." *Id.* We find no indication in *Perez* that this holding was dictated by a concern that the statute otherwise would be unconstitutional. We read *Perez* as a pure statutory construction case, an avenue that we have found to be foreclosed as to § 464B(a)(5), as explained in Part I, *supra.*

Ultimately, the constitutional concern that Walker perceives is one of substantive due process. He raises the specter of non-criminal conduct, *i.e.,* vaginal intercourse with a partner sixteen or more years of age, being restricted by concern that the partner might not yet be sixteen. Here, however, the precise statute with which we are concerned can be violated only by a·defendant age twenty-one or over, as reflected in Chart 2 set forth below depicting the effect of the 1994 amendment on the statutory structure presented in Chart 1.

Chart 2

1994
Consensual Vaginal Intercourse

| Victim's Age | Defendant's Age | | | | | | |
|---|---|---|---|---|---|---|---|
| | 15 | 16 | 17 | 18 | 19 | 20 | 21 & Older |
| 12 | NC | 2° R | 2° R | 2° R | 2° R | 2° R | 2° R |
| 13 | NC | NC | 2° R | 2° R | 2° R | 2° R | 2° R |
| 14 | NC | NC | NC | 4° SO | 4° SO | 4° SO | 3° SO |
| 15 | NC | NC | NC | NC | 4° SO | 4° SO | 3° SO |
| 16 And Older | NC | NC | NC | NC | NC | NC | NC |

3° SO - felony - maximum sentence 10 years

The offense under § 464B(a)(5) cannot be committed unless the defendant is at least five years older than the victim. Other than in the context of marriage, there would seem to be no fundamental constitutional right for a person twenty-one years or older to engage in consensual vaginal intercourse with a person sixteen years of age. To the extent that there may be any such privacy interest on the part of consenting parties, one of whom is sixteen, the State's interest in protecting persons under age sixteen outweighs that assumed privacy interest.

The foregoing conclusion is demonstrated by the cases holding that there is no reasonable mistake of age defense under statutory rape and carnal knowledge type statutes where the age of consent is sixteen or seventeen. *See, e.g., United States v. Brooks,* 841 F.2d 268, 269 (9th Cir.) (carnal knowledge: under age sixteen), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 922 (1988); *Phagan v. State,* 268 Ga. 272, 486 S.E.2d 876, 878 (1997) (statutory rape: under age sixteen), *cert. denied,* 522 U.S. 1128, 118 S.Ct. 1079, 140 L.Ed.2d 136 (1998);[2] *State v. Drake,* 219 N.W.2d 492, 493 (Iowa 1974) (statutory rape: under age seventeen); *State v. Campbell,* 239 Neb. 14, 473 N.W.2d 420, 424 (1991) (first

---

**2.** *Phagan* is a particularly forceful illustration of the lack of any constitutionally required transition and of the minimal weight, if any, afforded to an adult defendant's privacy argument where the victim is age fifteen. There, the defendant, age forty-six, had consensual intercourse with a fifteen year old girl on approximately six occasions beginning at the end of the 1995 school year and prior to the victim's sixteenth birthday on September 29, 1995. Prior to July 1, 1995, the age of consent in Georgia was fourteen, but as of that date the legislature raised the age of consent to sixteen. The defendant contended that his pre-July 1 sexual relations with his then validly consenting partner created a right of privacy that could not be infringed by a law effective after the relationship had begun. The court held that the defendant did not enjoy a grandfathered safe haven because of the State's compelling interest in the welfare of children fifteen years old and under. *Phagan,* 486 S.E.2d at 879.

degree sexual assault: under age sixteen); *Jenkins v. State*, 110 Nev. 865, 877 P.2d 1063, 1065 (1994) (statutory sexual seduction: under age sixteen); *Commonwealth v. Miller*, 385 Mass. 521, 432 N.E.2d 463, 464 (1982) (statutory rape: under age sixteen); *Goodrow v. Perrin*, 119 N.H. 483, 403 A.2d 864, 865 (1979) (statutory rape: under age sixteen); *Johnson v. State*, 967 S.W.2d 848, 849 (Tex.Crim.App.1998) (indecency with a child: under age seventeen); *State v. Barlow*, 160 Vt. 527, 630 A.2d 1299, 1299 (1993) (statutory rape: under age sixteen); *State v. Fisher*, 211 Wis.2d 665, 565 N.W.2d 565, 567 n. 1 (Ct.App.) (sexual assault of a child: under age sixteen), *rev.' denied*, 211 Wis.2d 532, 568 N.W.2d 299 (1997).

Accordingly, we shall affirm.

*JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. COSTS TO BE PAID BY THE APPELLANT.*

ELDRIDGE, Judge, concurring:

I concur in the result only. *See Owens v. State*, 352 Md. 663, 691–693, 724 A.2d 43, 57–58 (Eldridge, J., concurring), *cert. denied*, 527 U.S. 1012, 119 S.Ct. 2354, 144 L.Ed.2d 250 (1999); *Garnett v. State*, 332 Md. 571, 588–592, 632 A.2d 797, 805–807 (1993) (Eldridge, J., dissenting).

CATHELL, Judge, Dissenting.

For the reasons generally stated in Judge Bell's (now Chief Judge Bell's) dissent in *Garnett v. State*, 332 Md. 571, 632 A.2d 797 (1993), and for the reasons stated in Chief Judge Bell's dissent in *Owens v. State*, 352 Md. 663, 724 A.2d 43 (1999), in which I joined, I respectfully dissent.

Chief Judge BELL joins in this dissent.