**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1652**

GEMINI INSURANCE COMPANY,

Plaintiff - Appellee,

v.

EARTH TREKS, INC.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:16-cv-02520-RDB)

Submitted: February 20, 2018                    Decided: March 27, 2018

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lawrence J. Gebhardt, Gregory L. Arbogast, Keith M. Lusby, GEBHARDT & SMITH LLP, Baltimore, Maryland, for Appellant. William H. White, Jr., Mana Kinoshita, BONNER KIERNAN TREBACH & CROCIATA, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2011, Kelsey Fabian filed a civil action in Maryland state court (the "Fabian suit") against Earth Treks, Inc. ("Earth Treks"), alleging claims for negligence; negligent hiring, supervision, and retention; and respondeat superior. The Fabian suit was predicated on Fabian's alleged sexual abuse by two of Earth Treks' coaches, 19-year-old Daniel Montague and 31-year-old Michael Lyons, when Fabian was a 14-year-old member of Earth Treks' competitive youth climbing team. Earth Treks sought indemnification and defense from Gemini Insurance Company ("Gemini"), its liability insurer, which disputed liability. During the pendency of the Fabian suit, Gemini filed a declaratory judgment action in federal district court, seeking a declaration that it owed Earth Treks no defense or indemnity in the Fabian suit or, alternatively, that its liability was limited to $100,000 under several endorsements to the parties' insurance policy (the "policy"). Earth Treks counterclaimed for breach of the duty to defend.

In response to the parties' cross-motions for summary judgment, the district court held that Gemini had a duty to defend Earth Treks in the Fabian suit but that its liability was limited to $100,000 based alternatively on the "Sexual Abuse and Molestation" endorsement ("SAM endorsement") or the "Assault, Battery, or Assault and Battery" endorsement ("A&B endorsement") in the policy. Because a settlement in the Fabian suit effectively resolved the remainder of the suit, the parties stipulated to the entry of final judgment. Earth Treks now appeals the district court's order, challenging its rulings limiting Gemini's duty to defend to $100,000 based on the SAM and A&B endorsements. For the reasons that follow, we affirm.

2

We review de novo the district court's disposition of cross-motions for summary judgment. *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013). In so doing, we view the facts and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 361 (4th Cir. 2015). "Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *S.B. ex rel. A.L. v. Bd. of Educ. of Hartford Cty.*, 819 F.3d 69, 74 (4th Cir. 2016) (alteration and internal quotation marks omitted). Where we are sitting in diversity to consider a matter of state law, we must apply the governing state law or, where an issue is unsettled, predict how the state's highest court would rule on the issue. *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, 845 F.3d 104, 108 (4th Cir. 2016).

"Under Maryland law, . . . the insurer's duty to defend is a 'contractual duty arising out of the terms of a liability insurance policy' and is 'broader than the duty to indemnify.'" *Cowan Sys., Inc. v. Harleysville Mut. Ins. Co.*, 457 F.3d 368, 372 (4th Cir. 2006) (quoting *Litz v. State Farm Fire & Cas. Co.*, 695 A.2d 566, 569 (Md. 1997)). To determine whether a liability insurer has a duty to defend, the Maryland courts have articulated a two-part inquiry: "(1) [W]hat is the coverage and what are the defenses under the terms and requirements of the insurance policy? [and] (2) [D]o the allegations in the tort action potentially bring the tort claim within the policy's coverage?" *Md. Cas. Co. v. Blackstone Int'l Ltd.*, 114 A.3d 676, 682 (Md. 2015) (internal quotation marks omitted); *see Capital City Real Estate, LLC v. Certain Underwriters at Lloyd's London*, 788 F.3d 375, 379 (4th Cir. 2015) (discussing test). "The first question focuses upon the language and

3

requirements of the policy, and the second question focuses upon the allegations of the tort suit." *Moscarillo v. Prof'l Risk Mgmt. Servs., Inc.*, 921 A.2d 245, 250 (Md. 2007) (internal quotation marks omitted).

Importantly, "[e]ven if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer still must defend if there is a *potentiality* that the claim could be covered by the policy." *Aetna Cas. & Sur. Co. v. Cochran*, 651 A.2d 859, 861 (Md. 1995) (internal quotation marks omitted). "If there is any doubt as to whether there is a duty to defend, it is resolved in favor of the insured." *Walk v. Hartford Cas. Ins. Co.*, 852 A.2d 98, 106-07 (Md. 2004); *see Cowan*, 457 F.3d at 372. If a potentiality of coverage exists as to only some of the claims against the insured, the insurer has a duty to defend the entire action. *Perdue Farms, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 448 F.3d 252, 258 (4th Cir. 2006); *see Montgomery Cty. Bd. of Educ. v. Horace Mann Ins. Co.*, 860 A.2d 909, 921 (Md. 2004); *Utica Mut. Ins. Co. v. Miller*, 746 A.2d 935, 940 (Md. Ct. App. 2000).

"While the Maryland Court of Appeals has 'held that an *insurer* may not use extrinsic evidence to contest coverage if the tort suit complaint establishes a potentiality of coverage,' it has set forth a different rule for an *insured*." *Capital City Real Estate*, 788 F.3d at 381 (4th Cir. 2015) (quoting *Cochran*, 651 A.2d at 863-64). Under that rule, "an insured may establish a potentiality of coverage under an insurance policy through the use of extrinsic evidence." *Cochran*, 852 A.2d at 866; *see Litz*, 695 A.2d at 570.

As an initial matter, the parties disagree regarding the evidence that the district court and this Court are permitted to consider in determining the applicability of the SAM and

A&B endorsements. Earth Treks first argues that the district court erred in relying on extrinsic evidence that it provided to the court but did not specifically highlight or cite in its argument.

We find this contention unpersuasive. Generally, in considering a summary judgment motion, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Even in the context of a duty to defend, Earth Treks identifies no authority requiring a court to accept an insured's selective version of the evidence while ignoring other relevant evidence contained in documents proffered by the insured, simply because the insured has not specifically highlighted or cited that evidence in its summary judgment pleadings. Earth Treks argues that considering deposition excerpts provided, but not highlighted, by the insured is tantamount to considering extrinsic evidence provided by the insurer. To the contrary, the district court was not required to turn a blind eye to testimony that Earth Treks itself placed before the court.

For its part, Gemini asserts that the district court was permitted to consider additional extrinsic evidence that it provided, after determining that a duty to defend existed, in considering whether the endorsements applied to limit the scope of its liability and to refute Earth Treks' statement of material facts. Although we conclude that Gemini was not required to cross-appeal to raise this contention as an alternative basis for affirmance, *see Jennings v. Stephens*, 135 S. Ct. 793, 798 (2015), we decline to reach this contention, as we affirm the district court's judgment without resort to Gemini's extrinsic materials.

5

Turning next to the A&B endorsement, Earth Treks primarily asserts that this endorsement is potentially inapplicable because Lyons' and Montague's sexual contact was not a battery, as a reasonable factfinder could conclude that Fabian consented to, and was not harmed by, that contact.

Under Maryland law, a battery cannot occur if the alleged victim consents to the contact alleged to be harmful or offensive. *Beall v. Holloway-Johnson*, 130 A.3d 406, 416 (Md. 2016). A child under the age of 14 can consent to a battery, at least for purposes of defending against a civil action brought by the child for damages. *See McQuiggan v. Boy Scouts of Am.*, 536 A.2d 137, 141-42 (Md. Ct. App. 1988). However, the Maryland courts have squarely held that "[s]exual contact by an adult upon a minor child clearly falls within our society's definition of offensive and harmful contact." *Pettit v. Erie Ins. Exchange*, 699 A.2d 550, 557 (Md. Ct. App. 1997) ("*Pettit I*"). "[A]lthough consent is a defense to battery, consent to sexual contact with an adult cannot be given by a child as a matter of law." *Id.* And "[a]s a matter of law, any sexual contact between an adult and a child, whether or not accompanied by force, is injurious to the child." *Id.* at 559; *see Pettit v. Erie Ins. Exchange*, 709 A.2d 1287, 1291 (Md. 1998) ("*Pettit II*").

Although Earth Treks attempts to distinguish this case from *Pettit I* on several grounds, we find these arguments unpersuasive. Earth Treks is correct that Fabian was above the age at which a child can become a victim of statutory rape under Md. Code Ann., Crim. Law §§ 3-304(a)(3), 3-307 (2012 & Supp. 2016) and Md. Code Ann., Crim. Law § 3-306(a)(3) (2012 & Supp. 2016) (repealed Oct. 1, 2017). But that argument is of little moment, as Maryland law has codified additional strict liability crimes precluding sexual

contact with a 14-year-old victim by a 19-year-old or 31-year-old adult. *See* Md. Code Ann., Crim. Law §§ 3-307(a)(4), (5), 3-308-(b)(2), (3) (2012 & Supp. 2016). Under the statutory scheme, Fabian's consent to Montague's and Lyons' sexual contact is equally unavailable as a defense to those criminal offenses. *See Walker v. State*, 768 A.2d 631, 636-37 (Md. 2001); *Tate v. Bd. of Educ., Prince George's Cty.*, 843 A.2d 890, 897 (Md. Ct. App. 2004). Such offenses are "not predicated upon the victim's unwillingness to participate, but rather upon the societal notion that a child of tender years has not yet been able to form the necessary sophistication to fully comprehend the potentially adverse effects of sexual activity." *Tate*, 843 A.2d at 897; *see Pettit II*, 709 A.2d at 1291.

While Earth Treks analogizes to *Tate*, we agree with the district court that *Tate* is distinguishable from the current dispute. *Tate* establishes that a minor victim's actual consent to sexual contact can be relevant to demonstrate that the victim assumed the risk that her conduct would expose her to her abuser's sexual contact, when assumption of risk is raised as a defense to the victim's civil claims against a third party to the abuse. 843 A.2d at 892, 898, 901. Here, however, Earth Treks attempts to use the issue of consent for a different purpose. To challenge the application of the A&B endorsement, Earth Treks raises the issue of consent to establish that Lyons' and Montague's sexual conduct was not a battery because the conduct was welcomed and, thus, not harmful or offensive to her. *Tate* does not speak to this issue, as it expressly declined to determine whether an assumption of risk defense would be available to the actual abuser and in limiting its holding to the facts presented. *Id.* at 901 & n.8. And unlike the analysis in *Tate*, which readily acknowledged that the underlying sexual conduct was criminal, applying *Tate*'s

7

holding in the manner Earth Treks advocates is tantamount to deeming Montague's and Lyons' conduct noncriminal, which runs afoul of the policy considerations that render consent unavailable as a defense to criminal liability. We therefore find little basis to conclude that the Maryland Court of Appeals would apply the reasoning in *Tate*, as opposed to that in *Pettit I*, to the circumstances presented here.

Earth Treks also contends that the district court erroneously resolved factual disputes in favor of Gemini in determining that Fabian was harmed by Lyons' and Montague's sexual contact. Assuming, without deciding, that the court erred, we conclude that any such error was harmless. As the court observed, and as explained above, Montague's and Lyons' sexual conduct with Fabian is harmful and injurious to her as a matter of law, regardless of whether she suffered any actual physical injury. *See Pettit II*, 709 A.2d at 1291; *Pettit I*, 699 A.2d at 557, 559.

Finally, Earth Treks argues that at least some of the claims in the Fabian suit do not fall within the compass of the list of covered claims enumerated in the A&B endorsement. Our review of the endorsement reveals that the relevant language is sufficiently broad to encompass all of the claims Fabian raised against Earth Treks. Thus, we conclude that the district court properly determined, as a matter of law, that the A&B endorsement limited Gemini's duty to defend to $100,000.[*]

---

[*] Because we conclude that the $100,000 limitation was properly applied on this basis, we need not reach the parties' remaining arguments regarding the application of the SAM endorsement.

8

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*