663 P.2d 710
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ruben GONZALES, Defendant-Appellant.**

**No. 5958.**

Court of Appeals of New Mexico.

March 29, 1983.

Certiorari Denied May 17, 1983.

Paul G. Bardacke, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Asst. Public Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Judge.

The previous opinion in this case is withdrawn and the following is substituted.

Defendant appeals from his conviction of embezzlement contrary to § 30–16–8, N.M. S.A.1978, following a trial by jury. The sole issue asserted on appeal is whether the trial court's denial of his requested jury instruction on mistake of fact, N.M.U.J.I. Crim. 41.15, N.M.S.A.1978 (1982 Repl. Pamph.), was reversible error. Other issues listed in the docketing statement and not briefed on appeal are abandoned. *State v. Edwards,* 97 N.M. 141, 637 P.2d 572 (Ct. App.), *cert. denied,* 97 N.M. 621, 642 P.2d 607 (1981). We affirm.

*Facts*

On October 28, 1977, during his tenure as executive director of the Santa Fe Community Action Program (CAP), defendant used two round trip airplane tickets from Albuquerque to Philadelphia and Boston and return for travel by himself and his wife to attend a seminar in Philadelphia. Following the trip, defendant was billed by Fiesta Travel for the plane fare; on August 29,

1978, he paid for the ticket of his wife out of funds belonging to the New Mexico Association of Community Action programs (the Association). At the time of the payment for his wife's air ticket, defendant was serving both as executive director of CAP and as president of the New Mexico Association of State Community Action programs. Defendant admitted that he had written a check for $375.00 to the travel agency for his wife's air fare from Association funds and that he had only been chosen as president of the Association in June, 1978, a mere two months before the payment for the ticket. Defendant's wife was not a state employee, and in fact, there was no proper legal basis for paying for her air travel to the seminar from public monies.

Defendant admitted that his wife had accompanied him on the trip taken while he was executive director of CAP. He also testified that he was billed by the travel agency for the cost of both tickets and paid for one ticket on a check from CAP in February 1978 and for the other ten months later with a check from the Association written by him in August 1978.

The State questioned defendant extensively as to whether defendant was entitled to reimbursement for numerous travel claims submitted by him and presented other evidence indicating defendant had been over-paid for other trips made by him in connection with his employment. The funds spent by defendant, as both director of CAP and president of the Association, for travel purposes were subject to federal rules regarding documentation and authority for expenditure.

*Defense of Mistake of Fact*

Defendant's theory at trial was that he wrote the check on funds belonging to the Association because he believed that it owed him money. He testified that prior to August 29, 1981, he had made several business trips on behalf of the Association for which he had not claimed reimbursement and which totalled approximately $526.00.

Defendant submitted a requested instruction upon the defense of mistake of fact, pursuant to N.M.U.J.I.Crim. 41.15, *supra,*

which was refused by the court. Defendant's requested instruction read:

Evidence has been presented that the defendant believed that the money paid for his wife's plane ticket was owed to him by the New Mexico Association of Community Action Agencies. If the defendant acted under an honest and reasonable belief in the existence of those facts, you must find him not guilty. The burden is on the state to prove beyond a reasonable doubt that the defendant did not act under such belief.

Defendant contends that the evidence presented by him at trial supported the giving of N.M.U.J.I.Crim. 41.15, *supra,* and that it was error on the part of the court to refuse the instruction. Defendant testified that when he wrote the check to pay for his wife's ticket, he believed that he was owed more than the dollar amount of the ticket paid for by the Association and that he lacked the specific criminal intent which is an essential element of the offense of embezzlement. Section 30–16–8, *supra.* *See generally* M. Thompson III & N. Gagne, *The Confusing Law of Criminal Intent in New Mexico,* 5 N.M.L.Rev. 63, 82–83 (1974). Embezzlement is a crime which requires proof that at the time of the conversion of the property, defendant entertained a specific intent to deprive the owner of the property. *State v. Moss,* 83 N.M. 42, 487 P.2d 1347 (Ct.App.1971); *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977); N.M. U.J.I.Crim. 16.31, N.M.S.A.1978 (1982 Repl. Pamph.).

Defendant argues he was entitled to the mistake of fact instruction and that such defense was not subsumed by the requirement of proof of specific intent to commit embezzlement. *See generally State v. Venegas,* 96 N.M. 61, 628 P.2d 306 (1981); *State v. Fuentes,* 91 N.M. 554, 577 P.2d 452 (Ct.App.), *cert. denied,* 91 N.M. 610, 577 P.2d 1256 (1978). *Compare Poore v. State,* 94 N.M. 172, 608 P.2d 148 (1980). Defendant argues that the rule in New Mexico, is that if there is any evidence to support his theory of defense, he is entitled to an appropriate instruction. *Poore v. State, su-*

pra; State v. Padilla, 66 N.M. 289, 347 P.2d 312, 78 A.L.R.2d 908 (1959). We do not discuss the propriety of a mistake of fact instruction under circumstances where there is a factual basis for such an instruction, because the facts herein fail to justify giving the instruction.

■ Defendant relied upon the alleged mistake of fact that he had made several trips while acting in his capacity as President of the Association for which he was entitled to be reimbursed for travel; he had used public funds belonging to the Association to pay for his wife's air travel because he believed he was owed monies by the Association for an amount at least equal to the cost of the air fare. This mistake, however, would serve to justify defendant's conduct only if defendant in fact believed he had the legal right to expend public monies for his wife's travel. Defendant testified that he knew that applications for travel reimbursement were governed by federal rules and regulations; in most instances he followed those regulations but did not do so in respect to the check for $375.00.

Defendant did not testify that at the time he signed the check for his wife's air fare, he believed the expenditure for his wife to be proper, or that he had legal authority to authorize the payment of public monies for such purpose. Defendant's testimony was that he felt the Association owed him approximately $526.50 for unreimbursed travel.

At trial, the defendant admitted on cross-examination that at the time of trial, he owed the state monies for over-payment of travel expenses:

Q. Do you still think you are still owed money from the state association of Community Action Directors for travel expenses?

A. No. No, I don't.

Q. You owe them money, don't you?

A. I think so, yes, sir.

Q. Lots of money, don't you?

A. Probably so, yes, sir.

Q. Thousands of dollars of money, don't you?

A. The figures show it. Probably, yes, sir.

Q. Yes, is that your answer?

A. Yes, sir.

Defendant further testified on cross-examination:

Q. What is your defense?

A. [My] [d]efense is that when that particular transaction was made—my defense is that I was owed the money. That is my defense.

\* \* \* \* \* \*

Q. When did you decide to write the check for $375?

A. In 1978.

\* \* \* \* \* \*

Q. Mr. Gonzales, you took your wife to Boston and Philadelphia, 10 months before August 1978; is that correct?

A. That's correct, according to the record, yes.

Q. Why didn't you pay Fiesta Travel for your wife's ticket?

A. I don't remember the circumstances.

■ The record fails to contain sufficient evidence to warrant submission of the instruction on mistake of fact to the jury. A prerequisite for the submission of such instruction is some evidence that defendant mistakenly believed that his actions were proper. To entitle himself to an instruction on mistake of fact, there must be some evidence that at the time in question, defendant entertained a belief of fact that, if true, would make his conduct lawful. *See People v. Osborne*, 77 Cal.App.3d 472, 143 Cal.Rptr. 582 (1978). At common law, an honest and reasonable belief in the existence of circumstances, which, if true, would make the act for which the person is indicted an innocent act, was a good defense. *People v. Hernandez*, 61 Cal.2d 529, 393 P.2d 673, 39 Cal.Rptr. 361, 8 A.L.R.3d 1092 (1964). Even if defendant's assertion that the Association owed him money were true, the record does not contain evidence that defendant mistakenly believed that he had

---

the lawful authority to use public monies belonging to the Association for payment of expenses for his wife, who was not employed by that agency, and who had not performed any public service. *Cf. State v. Martinez,* 95 N.M. 421, 622 P.2d 1041 (1981) (insufficient evidence to give self-defense instruction).

In *State v. Roque,* 91 N.M. 7, 569 P.2d 417 (Ct.App.), cert. *denied,* 91 N.M. 4, 569 P.2d 414 (1977), this court held that " '[i]gnorance or mistake of fact exists when the defendant does not know what the facts actually are or believes them to be other than as they are. When ignorance or mistake of fact negatives the existence of an intent essential to the commission of an offense, the defendant's ignorance or mistake of fact is a defense.' " A mistake of fact is a defense when it negatives the existence of the mental state essential to the crime charged. *State v. Fuentes, supra.* A mistake of fact, then, results when one makes an erroneous perception of the facts as they actually exist. *State v. Bougneit,* 97 Wis.2d 687, 294 N.W.2d 675 (Ct.App. 1980).

As observed in the Committee Commentary to N.M.U.J.I.Crim. 41.15, *supra,* the language of the instruction on mistake of fact was derived from California Jury Instruction 4.35. In *People v. Osborne, supra,* the court quoted the California jury instruction to hold that a good statement of the law on mistake of fact is " '[a]n act committed or an omission made under an ignorance or mistake of fact which disproves any criminal intent is not a crime. Thus a person is not guilty of a crime if he commits an act or omits to act under an honest and reasonable belief in the existence of certain facts and circumstances *which, if true, would make such act or omission lawful.'* " (Emphasis in original.) *See People v. Vogel,* 46 Cal.2d 798, 299 P.2d 850 (1956); *People v. Hernandez, supra; See also* J. Hall, *Ignorance and Mistake in Criminal Law,* 33 Indiana L.J. 1 (1957).

Applying the above rule to the instant case, even viewing the record in a light most favorable to defendant, the evidence merely shows he believed he was owed money by the Association. There is no evidence that at the time of the commission of the alleged offense, defendant actually entertained the good faith belief that if he was owed money by the state, he had the lawful authority to direct payment from public monies for his wife's air travel. Defendant was entitled to an instruction on mistake of fact only if there was some evidence in the record to support his contention that he in fact believed he possessed the legal authority to expend public funds for his wife's air travel.

The trial court was not under a duty to instruct on a mistake of fact which was not warranted under the testimony or evidence presented.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

WOOD and LOPEZ, JJ., concur.