803 P.2d 249

**Rudy PEREZ, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 19131.

Supreme Court of New Mexico.

Dec. 20, 1990.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for petitioner.

Hal Stratton, Atty. Gen., Patricia Gandert, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FRANCHINI, Justice.

Defendant appeals his conviction of fourth-degree criminal sexual penetration, pursuant to NMSA 1978, Section 30–9–11(D) (Cum.Supp.1990), on the ground that the trial court should have considered his defense of mistake of fact. The case was tried to the court. We agree with defendant and reverse the trial court and court of appeals.

■ As a preliminary matter we point out that it would have been helpful to this Court if the parties had requested, and the trial court had entered, written findings in this case. *See* SCRA 1986, 5–605(D). Although no findings were filed, and apparently none were requested, we proceed to the merits of the case based on the statements in the docketing statement. *See State v. Anaya*, 98 N.M. 211, 647 P.2d 413 (1982) (facts in docketing statement which are not challenged are to be accepted as the facts of the case; where facts of a case are clear, only questions of law remain to be determined by an appellate court). We also consider the trial court's refusal to consider defendant's defense as fundamental error, therefore enabling us to review the issue even if it was not properly preserved below. *See* SCRA 1986, 12–216(B)(2) (rule on preservation of error shall not preclude appellate court from, in its discretion, considering questions involving fundamental error or fundamental rights of a party). *See also State v. Sena*, 54 N.M. 213, 219 P.2d 287 (1950) (fundamental error is error which goes to the foundation of the case or takes from defendant a right essential to his defense).

## FACTS

Loretta, the child in this case, was out for the weekend with her girlfriend, Missy. The girls went to the home of Billy McGinnis, Missy's boyfriend. Defendant was a friend of Billy and was introduced to Loretta. Defendant had sex with Loretta that evening; there is no question that the sex was consensual. Missy testified that de-

fendant asked Loretta her age and Loretta said she was seventeen. Evidently, defendant also was told by someone else that Loretta was seventeen. In fact, Loretta was fifteen. Defendant was twenty years old.

Defendant was charged with criminal sexual penetration under Section 30–9–11(D), which prohibits sexual penetration of a child thirteen to sixteen years of age if the perpetrator is at least eighteen years of age and at least four years older than the child. The trial court found that the defendant in good faith believed that Loretta was seventeen, but the court nevertheless found defendant guilty.

DISCUSSION

■■ Defendant argues that his knowledge of the victim's age is an element of the offense, that his reasonable mistake of fact about the victim's age is a defense which the court should have considered, and that the court erred in refusing to consider the defense, believing that Section 30–9–11(D) imposes strict liability. The court of appeals affirmed defendant's conviction, holding that knowledge of the victim's age is not an element of the offense. The court based this holding on SCRA 1986, 14–962 (Cum.Supp.1989) and the accompanying Committee Commentary which states that "[t]his instruction contains the essential elements of criminal sexual penetration of a child 13 to 16 years of age perpetrated by a person who was at least 18 years old and who is at least 4 years older than the child."

The fact that knowledge of a child's age is not an essential element of the crime does not dispose of defendant's argument that mistake of fact may be raised as a defense. It simply means that the state does not have to prove defendant knew the victim was under the age of sixteen. Whether or not mistake of fact may be raised as a defense depends on whether the legislature intended the crime to be a strict liability offense or whether criminal intent is required. *Compare State v. Fuentes*, 91 N.M. 554, 577 P.2d 452 (Ct.App.1978), *cert. denied*, 91 N.M. 610, 577 P.2d 1256 (1978) (mistake of fact instruction properly re-

fused because criminal intent not required to commit child abuse) *with Reese v. State*, 106 N.M. 498, 501, 745 P.2d 1146, 1149 (1987) (Ransom, J., specially concurring), *reh'g on different issue*, 106 N.M. 505, 745 P.2d 1153 (1987) ("It is a general rule that ignorance or mistake of fact is a defense when it negates the existence of a mental state essential to the crime charged"). *See also* SCRA 1986, 14–5120.

"The existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo–American criminal jurisprudence." *State v. Lucero*, 87 N.M. 242, 244, 531 P.2d 1215, 1217 (Ct.App.1975), *cert. denied*, 87 N.M. 239, 531 P.2d 1212 (1975) (quoting *Dennis v. United States*, 341 U.S. 494, 500, 71 S.Ct. 857, 862, 95 L.Ed. 1137 (1951)). At common law, it is a good defense to have had an honest and reasonable belief in the existence of circumstances that, if true, would make the act for which the person is indicted an innocent act. *State v. Gonzales*, 99 N.M. 734, 663 P.2d 710, 712 (Ct.App.1983), *cert. denied*, 99 N.M. 644, 662 P.2d 645, *cert. denied*, 464 U.S. 855, 104 S.Ct. 173, 78 L.Ed.2d 156 (1983). " 'It is a fundamental principle of Anglo–Saxon jurisprudence that guilt is personal and that it ought not lightly to be imputed to a citizen who ... has no evil intention or consciousness of wrongdoing.' " *State v. Lucero*, 87 N.M. at 244, 531 P.2d at 1217 (quoting *United States v. Dotterweich*, 320 U.S. 277, 286, 64 S.Ct. 134, 139, 88 L.Ed. 48 (1943) (Murphy, J., dissenting)).

However, there has been carved out of the general rule an exception. We have recognized that the legislature may enact a statute which makes illegal certain acts without regard to the defendant's evil intentions, consciousness of wrongdoing, or honest beliefs. *See State v. Lucero*, 98 N.M. 204, 647 P.2d 406 (1982). The rationale for a strict liability statute is that the public interest in the matter is so compelling, or the potential for harm is so great, the interest of the public must override the

interest of the individual. *Id.* at 206, 647 P.2d at 408.

At one time, mistake of age as a defense was legislatively controlled. One statute specifically stated, "[r]ape of a child is committed when a male has sexual intercourse with a female who is under the age of thirteen [13] years, regardless of the male's knowledge of or mistaken belief about her age." NMSA 1953, § 40A–9–4 (repealed, 1975). At the same time, the statutory rape statute provided that "[a] reasonable belief on the part of the male at the time of the alleged crime that the female was sixteen [16] years of age or older is a defense to criminal liability for statutory rape." *See* NMSA 1953, § 40A–9–3; (repealed, 1975); *see also* Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 8 A.L.R.3d 1100 (1966). Ordinarily, the legislature's refusal to bring statutory language forward into a replacement statute raises a presumption that the omitted language was intentionally omitted. *See State v. Bryant*, 99 N.M. 149, 655 P.2d 161 (Ct.App.1982). In this case however, the legislature's failure to bring forward either the prohibition of knowledge of age as defense where the victim was under the age of thirteen, or the requirement that knowledge of age may be a defense when the victim is under sixteen, leaves the courts without guidance.

Our present statutory scheme, like the former statutes, retains the distinction between cases of criminal sexual penetration involving victims under thirteen and those thirteen to sixteen years. Where the victim is under thirteen years of age, consensual sexual activity is prohibited and is a first degree felony. NMSA 1978, § 30–9–11(A)(1) (Cum.Supp.1990). Where, however, the child is thirteen to sixteen years of age, there must be an additional factor for the act to be a crime. The original revision of our rape statute prohibited sexual penetration of a victim thirteen to sixteen years of age "when the perpetrator is in a position of authority over the child and used this authority to coerce the child to submit." NMSA 1978, § 30–9–11(B)(1) (Cum.Supp.1990) (§ 40A–9–

21, enacted by 1975 N.M. Laws ch. 109, § 2). Such offense is a second degree felony. *Id.* In 1987 the legislature added Section 30–9–11(D) (enacted by Laws 1987, ch. 203, § 1). That Section states, in material part:

> Criminal sexual penetration in the fourth degree consists of all criminal sexual penetration not defined in Subsection A, B or C of this section perpetrated on a child thirteen to sixteen years of age when the perpetrator is at least eighteen years of age and is at least four years older than the child.

As amended, these statutes clearly reflect the legislature's intention that defendants charged with criminal sexual penetration shall be treated differently depending on the age of the victim. Criminal sexual penetration of a child under thirteen is always a first-degree felony, while with an older victim, the offense may be any degree of felony or no crime at all depending on additional factors. This is consistent with the policy of protecting those least able to make free decisions about whether to engage in sexual activity. *State v. Hargrove*, 108 N.M. 233, 238, 771 P.2d 166, 171 (1989). While a child under the age of thirteen requires the protection of strict liability, the same is not true of victims thirteen to sixteen years of age. We recognize the increased maturity and independence of today's teenagers and, while we do not hold that knowledge of the victim's age is an element of the offense, we do hold that under the facts of this case the defendant should have been allowed to present his defense of mistake of fact. *Cf. Reese*, 106 N.M. 498, 745 P.2d 1146 (1987), (defendant's knowledge of victim's identity element of offense of assault on a peace officer); *Hargrove*, 108 N.M. 233, 771 P.2d 166 (1989) (knowledge of relationship necessary for incest conviction).

Section 30–9–11(D) is indeed a "numbers game," whose outcome is determined not only by the child's age, but by the relative age of the defendant. When the law requires a mathematical formula for its application, we cannot say that being provided the wrong numbers is immaterial.

## CONCLUSION

The defendant's conviction is reversed, and the case is remanded to the trial court for proceedings consistent with this opinion.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.