COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-215-CR

 

 

MARK FLEMING                                                                                APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

Appellant
Mark Fleming entered a negotiated plea of guilty to aggravated sexual assault
of a child younger than fourteen years of age.[1]  The trial judge sentenced Fleming to ten
years=
confinement, suspended imposition of the sentence, and placed him on ten years=
community supervision.  Among the
conditions of punishment, Fleming must register as a sex offender.  We will affirm.








In
four points, Fleming argues that the Texas Penal Code provision under which he
was convicted, section 22.021, is unconstitutional under the federal due
process and the Texas due course of law provisions because of its:

failure
to require the State to prove that [Fleming] had a culpable mental state (Amens rea@) relating to the
alleged victim=s age when engaging
in the conduct alleged; and . . . its failure to recognize an
affirmative defense based on [Fleming=s] reasonable belief that the alleged victim
at the time was 17 years of age or older.[2]

 

We disagree.








The
federal constitution provides:  ANo
State shall . . . deprive any person of life, liberty, or property,
without due process of law . . . .@  U.S. Const. amend. XIV, ' 1.  Our state constitution provides: ANo
citizen of this State shall be deprived of life, liberty, property, privileges
or immunities, or in any manner disfranchised, except by the due course of the
law of the land.@ Tex. Const. art. I, ' 19.  Although Fleming has briefed both federal and
state due process arguments, because Fleming has not asserted or briefed an
argument that the due course of law analysis under the Texas constitution is
different or provides greater protections than the due process clause of the
United States Constitution, we apply the analysis under the United States
Constitution only.  See Pena v. State,
285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (by failing to raise it at trial,
defendant forfeited claim that the Texas constitution=s
due course of law clause provided more protection than due process under the
federal constitution with respect to the destruction of potentially exculpatory
evidence);[3]
see also Alobaidi v. Univ. of Tex. Health Science Ctr. at Houston, 243
S.W.3d 741, 748B49 (Tex. App.CHouston
[14th Dist.] 2007, pet. denied) (analyzing due process claim under federal
constitution guarantees only where appellant did not argue on appeal that Texas
constitution=s
due course of law clause provided different protections than due process under
the federal constitution).  And even
though Fleming does not refer to his claims as being either procedural or
substantive due process arguments, he does not argue that the process depriving
him of his liberty is deficient; rather, Fleming argues that the absence of a mens
rea or mistake-of-age component to section 22.021 is a wrongful government
action irrespective of the procedure in place to guarantee fairness.  Thus, we interpret Fleming=s
arguments to be substantive due process claims. 
See Zinermon v. Burch, 494 U.S. 113, 124B25,
110 S. Ct. 975, 982B83 (1990).








Substantive
due process protects citizens against arbitrary or wrongful state actions,
regardless of the fairness of the procedures used to implement them.  County of Sacramento v. Lewis, 523
U.S. 833, 845B46,
118 S. Ct. 1708, 1716 (1998).  In
assessing whether a government regulation impinges on a substantive due process
right, the first step is to determine whether the asserted right is
fundamental.  See Leebaert v.
Harrington, 332 F.3d 134, 140 (2d Cir. 2003) (discussing two-step process
in analyzing a substantive due process claim). 
Rights are fundamental when they are implicit in the concept of ordered
liberty or deeply rooted in this nation=s
history and tradition.  Immediato v.
Rye Neck School Dist., 73 F.3d 454, 460B61
(2d Cir.), cert. denied, 519 U.S. 813 (1996) (citing Moore v. East
Cleveland, 431 U.S. 494, 503, 97 S. Ct. 1932, 1938 (1977)).  Where the right infringed is fundamental,
strict scrutiny is applied to the challenged governmental regulation.  Reno v. Flores, 507 U.S. 292, 305, 113
S. Ct. 1439, 1448 (1993).  But where the
claimed right is not fundamental, the governmental regulation need only be
reasonably related to a legitimate state objective to survive constitutional
review.  Flores, 507 U.S. at 306,
113 S. Ct. at 1449.  Thus, our first
inquiry is to determine whether there is a fundamental right entitling
individuals to a mens rea component or a mistake-of-age defense in a
statutory rape scheme.








It
is a basic principle of criminal law that an actor should not be convicted of a
crime if he had no reason to believe that the act he committed was a crime or
that it was wrongful.  Morissette v.
United States, 342 U.S. 246, 252, 72 S. Ct. 240, 244 (1952).  An intent requirement was the general rule at
common law.  Id.  To be sure, the absence of a mens rea
requirement in a criminal statute is a significant departure from longstanding
principles of criminal law.   Staples
v. United States, 511 U.S. 600, 605, 114 S. Ct. 1793, 1797 (1994).  Nevertheless, strict liability crimesCthat
is, crimes defined without any culpable state of mindCare
known at law.  Id.  When strict liability is imposed, the actor
is deemed to have had sufficient notice concerning the risk of penal sanction
inherent in the proscribed activity, and it is not unjust to impose criminal
liability without the necessity of proving moral culpability.  United States v. Freed, 401 U.S. 601,
613 n.4, 91 S. Ct. 1112, 1120 n.4 (1971). 
It has been written that Athe
existence and content of the criminal prohibition in these cases are not
hidden; the defendant is warned to steer well clear of the core of the offense
(as in the statutory-rape case).@  United States v. Wilson, 159 F.3d 280,
296 (7th Cir. 1998) (Posner, C.J., dissenting).

To
this end, state legislatures have broad powers to promote the public welfare
and to create criminal offenses and impose punishmentCincluding
the power to define an offense that excludes the element of mental culpability
from its definition.  Lambert v.
California, 355 U.S. 225, 228, 78 S. Ct. 240, 242 (1957).  Indeed, a state legislature is free to define
a criminal offense and bar consideration of a particular defense so long as due
process is not offended.  Montana v.
Egelhoff, 518 U.S. 37, 43, 116 S. Ct. 2013, 2017 (1996) (quoting Patterson
v. New York, 432 U.S. 197, 201B02,
97 S. Ct. 2319, 2322 (1977)).  And it is
widely recognized that adults are well aware of the strict liability aspect of
statutory rape laws.  See State v.
Jadowski, 680 N.W.2d 810, 821 n.42 (Wis. 2004) (discussing the colloquial
phrase A[s]ixteen
will get you twenty!@ as a common exclamation
expressing the widespread awareness of statutory rape laws and the strict
liability aspect of the offense).








The
strict liability crime of statutory rape, in which the victim=s
apparent maturity is not a defense, is a recognized exception to the general
rule requiring mens rea in criminal statutes.  Jadowski, 680 N.W.2d at 821.  Traditionally, according to the weight of
authority, Amistake
as to age@ has
also not been a defense against the charge of statutory rape.  Morissette, 342 U.S. at 251 n.8, 72 S.
Ct. at 244 n.8.;  United States v. X‑Citement
Video, Inc., 513 U.S. 64, 72 n.2, 115 S. Ct. 464, 469 n.2 (1994).








Fleming
argues that because the federal due process and the state due course of law
provisions were passed at a time when there existed a mens rea component
to statutory rape laws in this nation, the lack of a mental culpability
component offends Aprinciple[s] of justice so
rooted in the traditions and conscience of our people as to be ranked as
fundamental.@  But the rule of tradition and conscience, or
the guide of Ahistorical
practice,@ is
not a first-in-time, bright-line rule.  Egelhoff,
518 U.S. at 43, 116 S. Ct. at 2017.  For
example, the fundamental right to Aengage
in [sexual] conduct@ without intervention of the
government between consenting same-sex adults is hardly a concept that existed
prior to the adaptation of either due process provision; nonetheless, the
Supreme Court, in overruling its previous holding, held this to be a
fundamental right under substantive due process.  See Bowers v. Hardwick, 478 U.S. 186,
191B92,
106 S. Ct. 2841, 2844 (1986), overruled by Lawrence v. Texas, 539 U.S.
558, 567, 123 S. Ct. 2472, 2478 (2003). 
This is so because this right is implicit in the concept of ordered
liberty, even though Athere have been powerful
voices [condemning] homosexual conduct as immoral@ for
Acenturies.@  Lawrence, 539 U.S. at 571, 123 S. Ct.
at 2480.  AHistorical
practice@ is
a probative guide to the ordered-liberty and deeply rooted approach in
determining fundamental rights, but it is a starting point only and not the
absolute determining guide to whether a right is fundamental.  Medina v. California, 505 U.S. 437,
446 112 S. Ct. 2572, 2577 (1992).

Fleming
argues that Lawrence v. Texas actually supports his position because due
process A>extends
to intimate choices by unmarried as well as married persons=@;
thus, according to Fleming, it is Asimply
unconstitutional@ to penalize a person for
making a mistake in fact concerning a minor=s
age while exercising this fundamental right. 
Lawrence, 539 U.S. at 578, 123 S. Ct. at 2483.  But the Lawrence Court specifically
indicated that its holding did not extend to cases involving minors, and we
easily conclude that Fleming=s
reliance on Lawrence is misplaced. 
Id.








We
also conclude that Fleming=s
attempts to find refuge for his position in the Supreme Court=s
case of United States v. X-Citement Video is equally unavailing.  513 U.S. at 72, 115 S. Ct. at 468.  In X‑Citement Video, an
undercover police officer ordered pornographic tapes starring an underage
actress from a video company.  Id.
U.S. at 66B67,
115 S. Ct. at 466.  The company and its
owner were indicted under a federal statute that criminalized the knowing
receipt and transportation of child pornography.  Id. 
The Supreme Court held that the term Aknowingly@ in
the statute modified the phrase Athe
use of a minor@ and
required not only a knowing distribution of the pornographic material, but also
knowledge of the performer=s
age.  Id., 513 U.S. at 71B83,
115 S. Ct. at 469B74.  The X‑Citement Video Court,
however, also recognized that traditionally

the
presumption [of mens rea] expressly excepted Asex offenses, such as
rape, in which the victim=s actual age was
determinative despite defendant=s reasonable belief
that the girl had reached age of consent.@ 
. . . [because] the perpetrator confronts the underage victim
personally and may reasonably be required to ascertain that victim=s age.  The opportunity for reasonable mistake as to
age increases significantly once the victim is reduced to a visual depiction,
unavailable for questioning by the distributor or receiver.  Id.

 

Thus, X‑Citement
Video involves situations in which people usually would not confront the
performer depicted in the material. 
Fleming, however, personally confronted the underage victim and could
have learned her true age.  Therefore, X‑Citement
Video is distinguishable from this case and does not suggest that the
rights Fleming claims are fundamental.








The
long history of statutory rape, even assuming Fleming=s
argument that it is history after the passing of both state and federal due
process provisions, as a recognized exception to the requirement of criminal
intent and the well-accepted legislative purpose for omitting scienter
undermine Fleming=s argument that section
22.021 offends principles of justice deeply rooted in our nation=s
history and traditions.  See United
States v. Ransom, 942 F.2d 775, 777 (10th Cir. 1991), cert. denied,
502 U.S. 1042 (1992) (reasoning that the majority rule in the United States is
that knowledge of age is not an essential element of statutory rape and this
exclusion does not violate due process); see Ransom, 942 F.2d at
776 (AIt
is generally held in the absence of statute, that the defendant=s
knowledge of the age of the female is not an essential element of the crime of
statutory rape and therefore it is no defense that the accused reasonably
believed that the prosecutrix was of the age of consent.@).








We
acknowledge that there has been movement away from strict liability for
statutory rape in recent years.  See,
e.g., People v. Hernandez, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d
673 (1964) (apparently the first case to allow a mistake-of-age defense; ruling
on lenity grounds); see also Perez v. State, 111 N.M. 160, 803 P.2d 249,
250B51
(1990) (AWhile
a child under the age of thirteen requires the protection of strict liability,
the same is not true of victims thirteen to sixteen years of age. We recognize
the increased maturity and independence of today=s
teenagers and, while we do not hold that knowledge of the victim=s
age is an element of the offense, we do hold that under the facts of this case
the defendant should have been allowed to present his defense of mistake of
fact.@).  A minority of states allow some form of a Amistake
of age@
defense by judicial decision or by statute. 
See Collins v. State, 691 So.2d 918, 923 (Miss. 1997); State
v. Guest, 583 P.2d 836, 837B39
(Alaska 1978) (due process requires that the defendant be allowed to introduce
evidence regarding mistake as to age); Model Penal Code ' 213.6(1)
(Official Draft & Revised Comments 1985). 
Under the Model Penal Code, for example, the defense of mistaken belief
should be available when the critical age is more than ten years of age.  Model Penal Code ' 213.6,
cmt. 2 at 415 (Official Draft & Revised Comments 1985).  The theory is that the policies underpinning
strict liability seem less compelling as the age of the minor increases; an
accused who mistakenly but reasonably believes such a partner is above the
critical age should have a defense because he Aevidences
no abnormality, no willingness to take advantage of immaturity, no propensity
to corruption of minors.@  Id. 
Thus, ironically to Fleming=s
arguments, it may be the future, and not the past, that determines that strict
liability in statutory rape cases ultimately offends concepts of ordered
liberty.  But see Kelley v. State,
187 N.W.2d 810, 815 (Wis. 1971) (specifically rejecting model penal code=s
mistake-of-age defense to statutory rape).








It
is worthy of note that many of the cases upholding the constitutionality of
statutory rape involve an adult=s
sexual contact with a person younger than that described in section
22.021.  See, e.g., Wis. Stat.
Ann. ' 948.02(1)(b)
(AWhoever
has sexual intercourse with a person who has not attained the age of 12 years
is guilty of a Class B felony@).  But the majority rule in the United States is
that the defendant=s knowledge of the victim=s
age is not an essential element of statutory rape and that this exclusion does
not violate due process.  See Ransom,
942 F.2d at 776B77; State v. Granier,
765 So.2d 998, 1001 (La. 2000); Owens v. State, 724 A.2d 43, 48B49
(Md.), cert. denied, 527 U.S. 1012 (1999); State v. Yanez, 716
A.2d 759, 767 (R.I. 1998); State v. Stokely, 842 S.W.2d 77, 80B81
(Mo. 1992); State v. Campbell, 473 N.W.2d 420, 425 (Neb. 1991); People
v. Cash, 351 N.W.2d 822, 828 (Mich. 1984); Commonwealth v. Miller,  432 N.E.2d 463, 466 (Mass. 1982); State v.
Tague, 310 N.W.2d 209, 212 (Iowa 1981); Goodrow v. Perrin, 403 A.2d
864, 866B68
(N.H. 1979); State v. Martinez, 14 P.3d 114, 116B117
(Utah App. 2000).

Although
the court of criminal appeals has never considered whether section 22.021
violates due process, the court of criminal appeals has determined that the
lack of a mens rea component in section 22.021=s
statutory predecessor did not violate equal protection of the law.  Ex parte Groves, 571 S.W.2d 888, 890
(Tex. Crim. App. 1978).  Our sister court
in Houston, however, addressed the very issue before us and held that section
22.021=s
predecessor did not violate due process. 
Scott v. State, 36 S.W.3d 240, 242 (Tex. App.CHouston
[1st Dist.] 2001, pet. ref=d).  With these decisions and the backdrop of the
majority rule in this nation regarding statutory rape in mind, we conclude that
there is no fundamental right that a State is required to include a mens rea
component or a mistake-of-age defense in a statutory rape statute.  Thus, section 22.021 only needs to serve a
legitimate state purpose to be constitutional against the backdrop of
substantive due process.  Flores,
507 U.S. at 306, 113 S. Ct. at 1449.  We
conclude that it does.

Strict
liability regarding the age of the minor furthers the legitimate government
interest in protecting children from sexual abuse by placing the risk of
mistake on the adult actor.  See
Ransom, 942 F.2d at 777.








Although
sound reasons might be advanced on either side of the argument of whether a mens
rea component should exist or whether a mistake-of-age defense should exist
in section 22.021, determining the line that separates what is criminal from
what is not lies peculiarly within the sphere of legislative discretionCespecially,
as here, where no fundamental right is at question.  See Lambert, 355 U.S. at 228, 78 S.
Ct. at 242.  We have no authority to
substitute our judgment for that of the legislature unless we find the
classification to be arbitrary, capricious, and without reasonable relationship
to the purposes of the statute.  See
Ransom, 942 F.2d at 777.  We conclude
that section 22.021 is neither arbitrary nor capricious and that it furthers
the legitimate government interest of protecting children.  See Flores, 507 U.S. at 305B06,
113 S. Ct. at 1448B49 (reasoning that states
have a legitimate purpose concerning welfare of minors); Scott, 36
S.W.3d at 242 (holding that Texas=s
statutory rape statute does not violate due process and furthers legitimate
interest in protecting the health and safety of children).  Thus, we overrule each of Fleming=s
four points.

Having
overruled all of Flemings points on appeal, we affirm the trial court=s
judgment.

 

BILL MEIER

JUSTICE

 

PANEL:  GARDNER and MEIER, JJ.; and WILLIAM BRIGHAM
(Senior Justice, Retired, Sitting by Assignment).

 

PUBLISH

 

DELIVERED:  August 5, 2010











[1]See Tex. Penal Code Ann.
' 22.021(a)(1)(B)(iii),
(2)(B) (Vernon Supp. 2009).





[2]The judgment reads
that the Aage of the victim at
the time of the offense was 13.@





[3]After indictment,
Fleming filed a motion to quash, setting forward the same points he now asserts
on appeal.  Neither in his motion to
quash at the trial court nor in his appeal before us has Fleming asserted that
the Texas Due Course of Law provision proves greater protections that its
federal counterpart.