This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                    NO. 31,712

**ALEXIS GONZALES-FEGUEREDO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Baca-Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1} Defendant appeals from his conviction for criminal sexual penetration in the second degree, contrary to NMSA 1978, Section 30-9-11(D) (2003, amended 2009). On appeal, Defendant argues that the district court erred in: (1) excluding evidence of Victim's prior sexual history; (2) denying his request for a mistake of fact jury instruction regarding Defendant's knowledge of Victim's age; (3) refusing to grant a mistrial, or alternatively, to allow rebuttal testimony regarding a prior bad act of Victim; (4) admitting evidence of Victim's pregnancy; and (5) denying his motion for directed verdict. Defendant further alleges that he received ineffective assistance of counsel. We affirm.

**BACKGROUND**

{2} On May 25, 2007, Victim spent the night at her Aunt's house. Defendant, the long-time boyfriend of Victim's Aunt, also spent the night. During the night, Defendant went into the living room where Victim was sleeping, pulled off her pants, placed his hand over her mouth, and proceeded to penetrate her vaginally. At the time, Victim was sixteen years old, and Defendant was approximately forty. Following trial, a jury convicted Defendant of criminal sexual penetration of a minor between the ages of thirteen and eighteen, a second degree felony offense. Defendant timely appealed his conviction to this Court. Because this is a memorandum opinion and because the parties are familiar with the factual and procedural background in this case, we will include any further factual information in each issue as it is discussed.

# DISCUSSION

## I.  Evidentiary rulings

{3}     Defendant appeals several of the district court's evidentiary rulings. "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

### A.  Victim's Prior Sexual Conduct

{4}     We first address Defendant's argument that the district court erred in denying his Rule 11-413 NMRA (2010) (current version at Rule 11-412 NMRA (2012)) motion to present evidence that Victim had a history of sneaking out of her house at night to engage in sexual activity with older men. The district court ruled that the requested prior sexual conduct evidence was not relevant and was inadmissible. Defendant contends that the proposed evidence was relevant to establish Victim's motive to fabricate rape in order to hide her sexual activity from her parents.

{5}     NMSA 1978, Section 30-9-16(A) (1993) precludes evidence of a rape victim's past sexual conduct, unless "the evidence is material to the case and . . . its inflammatory or prejudicial nature does not outweigh its probative value." *Id.* Rule

11-413(A) (2010) is consistent with this statutory counterpart. We consider whether the district court should have reasonably excluded the evidence after considering a five-factor test: "(1) whether there is a clear showing that the complainant committed the prior acts; (2) whether the circumstances of the prior acts closely resemble those of the present case; (3) whether the prior acts are clearly relevant to a material issue, such as identity, intent, or bias; (4) whether the evidence is necessary to the defendant's case; [and] (5) whether the probative value of the evidence outweighs its prejudicial effect." *See State v. Johnson*, 1997-NMSC-036, ¶ 27, 123 N.M. 640, 944 P.2d 869.

{6}     During the pretrial hearing on the State's motion in limine, Defendant argued that the evidence was material and relevant on the issue of credibility because Victim gave a pretrial interview claiming "she was a virgin on the date of [the] incident[,]" but that evidence of her "sneaking out" and having encounters with "a boyfriend" established that Victim "knew more about the details of sex than she claimed." The State responded that none of the pretrial testimony, witness statements, interviews, transcripts or tapes established "that the [V]ictim was promiscuous, [or] that the [V]icitm was not a virgin." "As a matter of fact, all the evidence from the witnesses that has been obtained is exactly the contrary, that [Victim] was not a promiscuous person." Defendant responded that "she would sneak out of her house, that she would not come back . . . until the earlier hours of the morning, [and] that she would brag

4

about these instances." "We can put on several witnesses that say there were many prior acts, if the State wants us to." But Defendant's carefully worded allegation that interviewed witnesses would testify that Victim snuck out of her house at night to see men does not establish evidence of sexual activity, or promiscuity, or substantively rebut Victim's pretrial statement that she was a virgin on the date of the incident. *See id.* (noting that rape shield laws were designed to restrict attempts to show a victim had consented on this occasion because she had consented on other occasions).

{7} If Defendant was intending to make an offer of proof to the contrary, he failed to do so, and he failed to identify any witness statement to support his insinuations. The nature of the prior encounters that assume sexual activity were neither sufficiently developed to show that they were materially relevant to any credibility determination nor sufficiently probative so as to overcome the prejudicial effect on a victim of sexual assault that Rule 11-413(A) (2010) was implemented to protect. This is especially significant given that the State alleged forcible rape, not a consensual sexual encounter between Defendant and the sixteen-year-old Victim. Having failed to present a sufficient argument that the previous incidents involved sexual activity or similar circumstances to the incident in the present appeal, the district court did not abuse its discretion when it determined that Defendant had not met the five-factor test set forth in *Johnson* and granted the State's motion in limine.

{8} Defendant also alleges that Victim's prior activities of sneaking out of the house

5

to have late night encounters with men was relevant to establish Victim's motive to fabricate the incident of forcible rape by Defendant. "Motive to fabricate is a theory of relevance that does implicate the right of confrontation. A [district] court would be entitled to determine that the prejudicial effect of prior sexual conduct evidence . . . would not outweigh the probative value of evidence of a motive to fabricate." *Johnson*, 1997-NMSC-036, ¶ 29. As previously discussed, Defendant failed to show the necessary relevance of Victim's prior acts of sneaking out of the house at night to see men so as to establish sexual promiscuity or to attack Victim's credibility. *Id.* ¶ 32 ("[I]n order to enable the [district] court to perform its role in identifying a theory of relevance prior to balancing probative value against prejudice, a defendant must show sufficient facts to support a particular theory of relevance.").

**{9}** The record demonstrates that Defendant's theory of relevance was based solely on the credibility of Victim's testimony about forcible rape, and the district court was never asked to rule upon whether the alleged promiscuous activity was relevant to support the defense of fabrication. *See State v. Stephen F.*, 2008-NMSC-037, ¶ 12, 144 N.M. 360, 188 P.3d 84 (holding that the rape shield laws were designed to prohibit admitting evidence of prior sexual acts where the defendant's theory is that the victim "fabricated the rape charge because she did not want to be punished, and her fear of parental punishment arises from the mere fact of engaging in premarital sex, not from any purported similarity between the type of premarital sex"). Even so,

6

in order to admit such evidence, Defendant still would have been required to demonstrate that Victim's prior conduct of sneaking out of the house was both material and that its prejudicial effect does not outweigh its probative value. *Johnson*, 1997-NMSC-036, ¶ 41. Based on the record before us, we conclude that Defendant failed to make the necessary showing of relevancy regarding a fabrication defense. As such, the district court did not abuse its discretion in holding that the evidence of Victim sneaking out of the house was irrelevant and inadmissible. *See Stephen F.*, 2008-NMSC-037, ¶ 8 (reiterating that the appellate courts review a district court's decision to the then-current version of Rule 11-413 under an abuse of discretion standard).

**B.    Victim's Pregnancy**

{10}    Defendant argues that it was error for the district court to permit the State to present testimony that Defendant was the father of Victim's child without an adequate scientific foundation to establish that the child was conceived on the date of the rape. Defendant further asserts that this evidence was irrelevant, confusing, or misleading under Rule 11-401 NMRA and more prejudicial than probative under Rules 11-403 and 11-404(B) NMRA. The State responds that Victim's pregnancy was relevant to the crime charged and that the date of conception was a disputed factual question for the jury to consider and resolve.

{11}    On appeal, Defendant's argument is not well-developed and fails to put forward

7

any specific authority addressing the merits of this argument. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (recognizing that it is the appellant's burden to clearly demonstrate error on appeal). Defendant's argument begins with two relevancy objections and quickly transitions into a "relation-back" argument about establishing a scientific foundation for the date when a baby is conceived. However, the undisputed facts establish that the sexual assault was alleged to have occurred at the end of May 2007, the baby was born in January 2008, and the baby was approximately six weeks premature. The paternity test was offered to establish that Defendant was the father of Victim's baby. The court recognized that the date of the alleged conception was "within the ballpark" of a reasonable time frame to correspond to the date of birth and that the jury, using common sense, must determine whether the child was conceived on any particular date at issue. *See Mott v. Sun Country Garden Prod., Inc.*, 1995-NMCA-066, ¶ 34, 120 N.M. 261, 901 P.2d 192 ("[I]f the fact in issue is within the ken of the average lay juror, expert opinion testimony is not necessary.").

{12}     Effectively, Defendant argues that expert testimony is required in order to establish the typical nine-month gestation period and the jury cannot rely on its common knowledge to make this factual determination. Conversely, without expert testimony, Defendant asserts that any potential relation-back from the date of birth to the date of the alleged rape cannot be adequately established and is legally

8

impermissible. Defendant failed to provide the district court or this Court with any authority for his argument that expert testimony is required to establish a typical nine-month gestation period and that the jury cannot rely on its common knowledge to make this factual determination. *State v. Vandever*, 2013-NMCA-002, ¶ 19, 292 P.3d 476 ("When a party does not cite authority to support an argument, we may assume no such authority exists."), *cert. denied*, 2012-NMCERT-011, 297 P.3d 1226; *see State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 ("When a criminal conviction is being challenged, counsel should properly present [the appellate courts] with the issues, arguments, and proper authority."). We therefore hold that the district court properly acted within its discretion when it allowed the jury to use its common knowledge to determine whether Victim's child was born within a gestation period that would reasonably relate back to the date in question.

**Rebuttal Testimony Regarding Victim's Prior Bad Conduct**

{13} Defendant contends that the testimony elicited during the State's cross-examination of a defense witness inferred that the witness had previously had sex with Defendant for money. Defendant argues that the district court should have granted his motion for mistrial after the State elicited this testimony of Defendant's prior bad acts and inappropriate conduct. Defendant alternatively asserts that he should have been permitted to counter this evidence with Rule 11-404(B) testimony to establish prior bad act evidence of Victim. Like evidentiary rulings, we review a district court's

denial of a motion for mistrial under an abuse of discretion standard. *See State v. Gonzales*, 2000-NMSC-028, ¶ 35, 129 N.M. 556, 11 P.3d 131, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{14} During direct examination of Victim's cousin Regina S., Defendant elicited testimony that Victim had a reputation in the community for being untruthful. On cross-examination of Regina, the State attempted to show witness bias by asking about previous contact between Regina and Defendant. Regina mentioned a specific incident where Defendant and she were in a car together, and she asked Defendant to lend her money. Defendant did not object to this testimony by Regina during cross-examination. Later, Defendant argued that this testimony by Regina implied that Defendant was paying her for sex and was inadmissible pursuant to the district court's pretrial ruling that addressed Defendant's sexual infidelity. As a result, defense counsel requested a mistrial. Defense counsel alternatively argued that, on redirect examination of Regina, the district court should permit Defendant to elicit testimony of a specific incident where Victim allegedly had sex with Defendant at a motel while Regina babysat their child in the bathroom.

{15} The district court denied the motion for mistrial and did not allow defense counsel to question Regina regarding the single incident where Victim allegedly prostituted herself to Defendant at a motel after their child was born. The court had previously explained that this line of questioning was "entirely inappropriate" and

"that its probative value is nil." The court then gave a limiting instruction that the jury was to entirely disregard the testimony and evidence presented regarding the incident where Regina was found in a vehicle with Defendant.

{16}     Defendant contends on appeal that "the testimony in question was highly prejudicial as it placed within consideration of the jury the idea that [Defendant] may have paid for sex with another young woman." Defendant argues that this testimony was improperly and intentionally elicited by the State.

{17}     Our review of the record reveals no impropriety with the State's line of questioning to Regina. To show possible bias, the State elicited limited testimony from Regina that she had tried to borrow money from Defendant. Specifically, the prosecutor never asked Regina if she had sexual relations with Defendant or made any reference to any exchange of money for sex. If the implication that Regina and Defendant had a sexual relationship was raised at all, it was raised by defense counsel's redirect examination question asking Regina if she had ever met Defendant at a motel. If the contested testimony should not have been admitted, the district court's limiting instruction to disregard the testimony was sufficient to alleviate any prejudicial effect arising from its previous admission. *State v. Vialpando*, 1979-NMCA-083, ¶ 25, 93 N.M. 289, 599 P.2d 1086 ("New Mexico has frequently held that a prompt admonition from the court to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which otherwise might

11

result."); *see State v. Foster*, 1998-NMCA-163, ¶¶ 23-25, 126 N.M. 177, 967 P.2d 852. The district court did not abuse its discretion when it determined that the previous testimony by Regina had not irreparably tainted the jury so as to require a mistrial.

{18}    Defendant's secondary argument is that the district court erred when it refused to allow him to "fight fire with fire" by rebutting the contested testimony regarding Defendant's possible sexual encounter with Regina through testimony of Victim's prior sexual acts. This argument is equally without merit. The doctrine of curative admissibility allows the admission of otherwise inadmissible evidence when the evidence is used to rebut and counterbalance incompetent evidence. *State v. Ruiz*, 2001-NMCA-097, ¶ 47, 131 N.M. 241, 34 P.3d 630. On appeal, Defendant has failed to demonstrate how unrelated evidence of Victim's alleged subsequent sexual conduct would counterbalance any inference that Regina may have attempted to borrow money from Defendant in exchange for sex. As such, the district court did not abuse its discretion when it refused to allow Defendant to elicit potential testimony regarding Victim's otherwise inadmissible sexual conduct. *Ruiz* would not be the appropriate procedural remedy to apply under the circumstances in this case. The curative instruction given by the court was adequate to address any alleged impropriety that the State may have drawn out during Regina's testimony. The district court did not abuse its discretion in refusing the prejudicial rebuttal testimony and giving a curative

12

instruction.

## II.   Mistake of Fact Jury Instruction

{19}   Defendant argues that the district court erred in not providing the jury with a mistake of fact instruction where a defense witness testified that he believed Victim was eighteen years old. In light of this alleged error, Defendant requests a new trial. This Court reviews de novo a district court's denial of a requested jury instruction. *State v. Lucero*, 1998-NMSC-044, ¶ 5, 126 N.M. 552, 972 P.2d 1143.

{20}   Defense witness, Berzeyahir Molina testified that he met Victim when she was sixteen. At that time, Molina believed Victim was eighteen because of her attitude and physical appearance. Victim never told Molina that she was eighteen. Based on Molina's testimony, Defendant requested a mistake of fact jury instruction based on a reasonable belief that Victim was eighteen. The State argued that, absent any evidence as to Defendant's belief regarding Victim's age, Molina's belief could not be transferred to Defendant. The district court denied the requested mistake of fact instruction. After reviewing *State v. Gonzales*, 1983-NMCA-041, 99 N.M. 734, 663 P.2d 710, the court explained that "[t]here is no evidence in the record that would support giving an instruction on mistake of fact because the only evidence in the record is that [Victim] in this matter was awakened and forcibly sexually assaulted." The district court further reasoned that a mistake of fact instruction would "raise a false issue before the jury" because, even if Victim appeared to be of legal age, there

13

was no evidence that the sexual encounter was consensual.

{21} Defendant argues that the rule in New Mexico is that if there is any evidence to support his theory of defense, he is entitled to an appropriate instruction. However, Defendant relied solely on the fact that, prior to the incident involving Defendant, Molina believed Victim to be eighteen. Despite his failure to testify, Defendant contends that this testimony was sufficient to support his own belief that Victim was eighteen years old at the time of the sexual encounter. *See Perez v. State*, 1990-NMSC-115, ¶ 11, 111 N.M. 160, 803 P.2d 249 (recognizing that criminal sexual penetration of a child between the ages of thirteen and sixteen was not a strict liability crime and that a defendant's ignorance or mistake of fact about a child's age is a potential defense).

{22} "A defendant is entitled to a jury instruction that supports his theory of the defense only if the instruction is supported by the evidence." *State v. Cavanaugh*, 1993-NMCA-152, ¶ 12, 116 N.M. 826, 867 P.2d 1208. Not only does this lack of evidence regarding Defendant's own belief of Victim's age fail to support the giving of a mistake of fact instruction, but "the only evidence in the record is that [Victim] in this matter was awakened and forcibly sexually assaulted" without her consent. Defendant's asserted mistake of fact would serve as a defense to justify his conduct only if Defendant and Victim had a consensual sexual encounter. *Gonzales*, 1983-NMCA-041, ¶ 14 ("To entitle himself to an instruction on mistake of fact, there

14

must be some evidence that at the time in question, [the] defendant entertained a belief of fact that, if true, *would make his conduct lawful*." (emphasis added)). Even if evidence had been offered to show that Defendant had a reasonable belief in 2007 that Victim was of an age where she could legally consent to a sexual encounter, the district court was not required to instruct the jury on a mistake of fact instruction because there was no evidence presented that the sexual encounter in this case was consensual. The district court did not err in refusing Defendant's mistake of fact instruction.

## III.   Directed Verdict

{23}     We next address Defendant's argument that the district court should have granted his motion for directed verdict. "The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Coleman*, 2011-NMCA-087, ¶ 19, 150 N.M. 622, 264 P.3d 523 (internal quotation marks and citation omitted). "Specifically, we inquire whether substantial evidence exists of either a direct or circumstantial nature to support a verdict of guilty beyond a reasonable doubt with respect to each element of the crime." *Id.* (internal quotation marks and citation omitted). "We do not weigh evidence or substitute our judgment for that of the [district] court so long as the jury was presented with such relevant evidence as a reasonable mind might accept as adequate to support its verdict." *Id.* (alteration, internal quotation marks, and citation omitted). We review the evidence

15

in the light most favorable to the prevailing party. *Rojo*, 1999-NMSC-001, ¶ 19.

{24}    To convict Defendant of criminal sexual penetration of a child thirteen to eighteen by the use of coercion by a person in a position of authority, the State had to prove, in relevant part, that Defendant was able to exercise undue influence over Victim by reason of his relationship with her, that Defendant used this authority to coerce Victim to submit to sexual contact, and that Defendant unlawfully caused Victim to engage in sexual intercourse. Defendant asserts on appeal that there was insufficient evidence that Defendant caused Victim to engage in sexual intercourse or that he had a position of authority over her and used his position to force her to have intercourse. However, Defendant's appellate argument ignores the evidence favorable to his conviction and refers only to evidence presented through the testimony of defense witnesses.

{25}    Defendant's argument essentially states that the district court should have resolved the parties' conflicting assertions of fact in his favor. But we defer to the district court to resolve the conflicts in the evidence, to weigh the facts, and to determine the credibility of the witnesses. *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."); *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 ("It was for the [district] court as fact[]finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay.").

16

Contrary evidence does not provide a basis for reversal because the factfinder is free to reject Defendant's version of the facts. *Rojo*, 1999-NMSC-001, ¶ 19. The evidence presented established that Victim first met Defendant when she was a baby, that he attended important family events throughout Victim's childhood, that he was like an uncle to Victim, and considered part of the family by Victim's mother and her husband. Viewing this evidence in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to establish each of the contested elements of criminal sexual penetration and the denial of Defendant's motion for a directed verdict of acquittal.

{26}     The district court was in the best position to evaluate the evidence presented and the credibility of the parties, and the record reflects that substantial evidence supported Defendant's conviction. We, therefore, affirm the district court's denial of Defendant's motion for directed verdict.

**IV.     Ineffective Assistance of Counsel**

{27}     Pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, Defendant argues that he received ineffective assistance of defense counsel. "The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384. Establishing a prima facie case of ineffective assistance of counsel requires a

defendant to show that: "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted). We do not hold that ineffective assistance of counsel exists if there is a plausible, rational trial strategy or tactic to explain counsel's conduct. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289; *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *Roybal*, 2002-NMSC-027, ¶ 19. Remand for an evidentiary hearing is the proper remedy only when the defendant makes a prima facie case of ineffective assistance. *Id.*

{28} Defendant concedes on appeal that there are not enough facts in the record to evaluate this claim of ineffective assistance of counsel. As such, an evidentiary hearing is not an appropriate remedy because Defendant has failed to establish a prima facie case of ineffective assistance of counsel based on the district court record. *See id.* Defendant must pursue the issue, if at all, in a collateral habeas corpus proceeding. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This

18

Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel."); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the [district] court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus . . . ."). We therefore deny this claim on direct appeal.

**III.    CONCLUSION**

{29}    For the foregoing reasons, we affirm Defendant's conviction.

{30}    **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**



**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL E. VIGIL, Judge**